UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WILLIAM L. ROBERTS, II p/k/a
RICK ROSS and ANDREW HARR and
JERMAINE JACKSON collectively p/k/a
THE RUNNERS,

       Plaintiffs,

v.

STEFAN KENDAL GORDY and
SKYLER AUSTEN GORDY collectively p/k/a
LMFAO, KOBALT MUSIC PUBLISHING
AMERICA, INC., a Delaware corporation, and
KIA MOTORS AMERICA, INC.,
a California corporation,

       Defendants.

_____/

## COMPLAINT

     Plaintiffs, WILLIAM L. ROBERTS, II p/k/a RICK ROSS ("ROSS") and

ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS

("THE RUNNERS"), by and through their undersigned counsel, sue Defendants

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a

LMFAO ("LMFAO"), KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware

corporation ("KOBALT") and KIA MOTORS AMERICA, INC., a California

corporation ("KIA") (collectively "Defendants") and allege:

### NATURE OF ACTION, JURISDICTION AND VENUE

     1.    This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.;* 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright infringement).

3.      The Court has jurisdiction over Defendants pursuant to Florida Statutes §§ 48.193(1)(b), 48.193(1)(f)(1) and 48.193(2), Florida's Long Arm Statute, as Defendants have committed a tortious act within the State of Florida which has caused injury to Plaintiffs within the State or, in the alternative, Defendants have caused injury to persons or property within this State arising out of an act or omission by the Defendants outside this State, or, in the alternative, Defendants have engaged in substantial and not isolated activity in the State of Florida.  Moreover, Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and the State of Florida concerning the musical composition at issue.

4.      Venue is proper in this District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim involved in this action occurred in this District.

**PARTIES**

5.      Plaintiff WILLIAM L. ROBERTS, II p/k/a RICK ROSS ("ROSS") is a citizen and resident of Florida.  As detailed below, ROSS is a world-renowned hip-hop recording artist who, in 2006, co-wrote and recorded the very successful and well-known composition "*Hustlin*'" which prominently features the popular hook and catch-phrase "Everyday I'm hustlin' . . ."

6.      Plaintiff ANDREW HARR is a citizen and resident of Florida and is a co-writer of "*Hustlin.*'"

7.      Plaintiff JERMAINE JACKSON is a citizen and resident of Florida and is a co-writer of "*Hustlin.*"

8.      Collectively, Plaintiffs HARR and JACKSON are music producers professionally known as "The Runners."  The Runners produced the recording of "*Hustlin*" in Miami, Florida.

9.      Defendant STEFAN KENDAL GORDY p/k/a "Redfoo" is a citizen and resident of California.

10.     Defendant SKYLER AUSTEN GORDY p/k/a "Skyblu" is a citizen and resident of California.

11.     Collectively, Defendants  STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY are professionally known as the musical group "LMFAO," who, as detailed below, co-wrote and recorded the musical composition "*Party Rock Anthem*," which infringes upon "*Hustlin'.*"

12.     Defendant KOBALT MUSIC PUBLISHING AMERICA, INC. ("KOBALT"), is a Delaware corporation with its principal place of business in New York.  KOBALT is a music publishing company which administers the commercial exploitation of the musical composition, "*Party Rock Anthem.*"

13.     Defendant KIA MOTORS AMERICA, INC. is a California corporation with its principal place of business in California, and is a subsidiary of KIA Motors Corporation.

## GENERAL ALLEGATIONS

### Rick Ross and "*Hustlin*"

14.     Plaintiff WILLIAM L. ROBERTS, II, professionally known as Rick Ross, is an international superstar and one of the most successful and prominent performers in rap and hip-hop music.

15.     Ross' debut album, *Port of Miami*, was released in August, 2006 and debuted at the top spot on the Billboard 200 album chart.  One of the tracks and the first single on *Port of Miami* was *Hustlin'*.  "*Hustlin'*" has sold over 5,600,000 copies becoming 5X platinum certified by the RIAA.  "*Hustlin'*" reached the No. 1 position on the U.S. Billboard Hot Rap Tracks chart, the No. 1 position on the U.S. Billboard Pop 100 chart, and the No. 1 position on the U.S. Billboard Hot R&B/Hip-Hop Songs chart.

16.     "*Hustlin'*" achieved gold status from the RIAA and sold over one million ringtone units (featuring the "Everyday I'm hustlin' . . ." phrase) before the physical release of Ross' debut album.

17.     Ross has released four additional highly successful studio albums, *Trilla* (2008, debuting at No. 1 on the Billboard 200 album chart), *Deeper Than Rap* (2009, debuting at No. 1 on the Billboard 200 album chart), *Teflon Don* (2010, debuting at No. 2 on the Billboard 200 album chart) and *God Forgives, I Don't* (2012 debuting at No. 1 on the Billboard 200 album chart).  He has been featured on the cover of numerous magazines, including *XXL* and *Rolling Stone* and was named by MTV in 2012 as the Hottest MC In The Game, and is the founder of the record label Maybach Music Group.

18.     Ross continues to be strongly associated with "*Hustlin'*" and the very popular and highly recognizable hook/phrase "Everyday I'm hustlin' . . ."

**LMFAO**

19.     Defendant STEFAN KENDAL GORDY and Defendant SKYLER AUSTEN GORDY are, at all material times, members of a musical duo known as LMFAO, which was formed in 2006, and who released their first album in 2009. LMFAO's music has been characterized as, *inter alia*, electronic dance music and hip hop/rap house music.  Both members of LMFAO were heavily influenced by hip hop and rap during their musical careers.

**DEFENDANTS' INFRINGING ACTIVITIES**

***"Party Rock Anthem"***

20.     In 2010, Defendants STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY co-wrote and recorded, as LMFAO, the musical composition "*Party Rock Anthem*" which was released in late 2010, and which was also later featured on LMFAO's second album, *Sorry for Party Rocking,* released in 2011.

21.     Defendant KOBALT administers the publishing for "*Party Rock Anthem*" and has received income related to the infringement herein.

22.     "*Party Rock Anthem*" copies, interpolates the lyrics, underlying music and beat of "*Hustlin*" and prominently features the highly recognizable "Everyday I'm hustlin' . . ." phrase by featuring at key points in "*Party Rock Anthem,*" the phrase "Everyday I'm shufflin' . . ."  "*Party Rock Anthem*" thus contains a qualitatively distinct, important and original portion of "*Hustlin'*."  The use of *Hustlin'* in "*Party Rock Anthem*" is readily apparent, despite the slight change from "Everyday I'm hustlin' . . ." to "Everyday I'm shufflin' . . ." and constitutes, *inter alia*, the creation of an unauthorized derivative work.

23.   "Everyday I'm shufflin' . . ." in "*Party Rock Anthem*" is performed in a manner to sound like "Everyday I'm hustlin' . . ." in "*Hustlin',*" is a prominent hook of "*Party Rock Anthem*" and is an obvious attempt to capitalize on the fame and success of *Hustlin'*.  The phrase is so important to the success of "*Party Rock Anthem,*" that LMFO launched a highly successful clothing line, Party Rock Clothing, that features the phrase on T-shirts and other clothing items.

24.   Defendants knew or should have known that *Hustlin'* could not be used in a musical work by Defendants without a license therefor, as is customary in the industry, yet never sought a license or other permission.

25.   Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, licensing marketing and/or distributing the musical composition and sound recording of  "*Party Rock Anthem.*" Defendants' infringement amounts to the unlawful appropriation of the Copyrighted Material.

26.   "*Party Rock Anthem*" is LMFAO's greatest hit, selling more than 7.5 million copies in the United States as of January 2013, and over one million copies in the UK.  It reached number one on the *Billboard* Hot 100 and remained there for six straight weeks, and spent 68 weeks on the chart, the third most total weeks in Billboard Hot 100 history.  Worldwide, it was the third best-selling digital single of 2011 with sales of 9.7 million copies.

27   "*Party Rock Anthem*" has also been extensively licensed by Defendants to various third parties for commercial and advertising purposes, including, *inter alia*, being

licensed for use in numerous films, television programs, video games and advertisements for airlines, a television network and broadband services.

28.     Upon information and belief, Defendants have exploited the song "*Party Rock Anthem*" in this District, in the State of Florida, throughout the United States and throughout the world by reproducing, preparing derivative works, distributing, licensing, publically performing and otherwise exploiting "*Party Rock Anthem*": (i) on compact discs, vinyl LPs and other physical configurations of records; (ii) by licensing "*Party Rock Anthem*" to others for sale or license as conditional and permanent downloads and as ringtones and/or mastertones; (iii) by licensing for streaming on the internet; (iv) by synchronizing with video; (v) by playing on the radio; (vi) by broadcasting audio-visual works containing "*Party Rock Anthem*" on television and the internet; (vii) by performing the song publicly during live concerts and (viii) licensing it to third parties for the foregoing purposes.

29     The infringement is continuing, as "*Party Rock Anthem*" continues to be sold and licensed by Defendants for use in various configurations to this very day.

30.     Defendants were placed on notice of the infringement but have continued infringing.

31.     As a result of Defendants' acts, Plaintiffs have incurred and continue to incur significant damages.  Defendants' unauthorized exploitation of *Hustlin'* by the infringing work and any derivatives thereof, is in derogation of, and injurious to, Plaintiffs' rights as owners of the copyrights in and to *Hustlin',* all to Plaintiffs' substantial damage.

32.     Plaintiffs have engaged the undersigned counsel and agreed to pay counsel reasonable attorney's fees for all services rendered in this action.

33.     All conditions precedent to the bringing of this action have been satisfied, have occurred or have been waived.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**(Defendants Gordy, Gordy and Kobalt)**

34.     Paragraphs 1 through 33 above are realleged as if fully set forth herein, and it is further alleged:

35.     Plaintiffs are, and at all relevant times have been, copyright owners under United States copyright law with respect to the musical composition entitled "*Hustlin*'" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights ("the Copyrighted Material").

36.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works.

37.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed Plaintiff's Copyrighted Material to the public.  Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of *Hustlin'*.  By copying, distributing, synchronizing, creating derivative works, licensing and exploiting "*Party Rock Anthem*," Defendants have infringed Plaintiffs' exclusive rights in the musical composition *Hustlin'*.  Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

38.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiffs.

39.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs.  Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities as practical partners.

40.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law.  Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

41.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs request this Court to:

a.      preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work;

b.      require Defendants to pay, jointly and severally, maximum statutory damages for each infringement of the Copyrighted Material pursuant to 17 U.S.C. Section 504(c) or to pay Plaintiffs' actual damages and profits attributable to the infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted by applicable law;

c.      require Defendants to pay, jointly and severally, Plaintiffs' full costs in this action;

d.      require Defendants to pay, jointly and severally, Plaintiffs' reasonable attorneys' fees incurred herein; and

e.       award such other relief as this Court deems just and proper.

## COUNT II
## COPYRIGHT INFRINGEMENT
### (All Defendants)

42.      Paragraphs 1 through 33 above are realleged as if fully set forth herein, and it is further alleged:

43.      "*Party Rock Anthem*" has also been licensed by Defendants for commercial endorsement purposes to KIA Motors for use in widely-distributed video advertisements featuring hamsters driving the KIA "Soul" automobile, which advertisements use the highly recognizable hook phrase "Every day I'm shufflin' . . . ,"

underlying music and beat, as the prominently featured tag line of the advertising campaign.

44.     Plaintiffs are, and at all relevant times have been, the copyright owners under United States copyright law with respect to the musical composition entitled "*Hustlin'*" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights ("the Copyrighted Material").

45.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works.

46.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed Plaintiff's Copyrighted Material to the public.  Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of *Hustlin'*.  By copying, distributing, synchronizing, creating derivative works, licensing and exploiting "*Party Rock Anthem*," Defendants have infringed Plaintiffs' exclusive rights in the musical composition *Hustlin'*.  Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

47.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiffs.

48.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties

without submitting any amount to Plaintiffs.  Defendants should be held jointly and severally liable for all profits derived as the result of their infringing activities as practical partners.

49.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law.  Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

50.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs request this Court to:

a.     preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work;

b.      require Defendants to pay, jointly and severally, maximum statutory

damages for each infringement of the Copyrighted Material pursuant to 17 U.S.C.

Section 504(c) or to pay Plaintiffs' actual damages and profits attributable to the

infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted

by applicable law;

c.      require Defendants to pay, jointly and severally, Plaintiffs' full costs in

this action;

d.      require Defendants to pay, jointly and severally, Plaintiffs' reasonable

attorneys' fees incurred herein; and

e.       award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.


GrayRobinson, P.A.
*Attorneys for Plaintiffs*
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887


By:    /s/Karen L. Stetson
          Karen L. Stetson
          Florida Bar No. 742937
          Jonathan L. Gaines
          Florida Bar No. 330361