IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM L. ROBERTS, II p/k/a RICK ROSS and ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS,<br><br>             Plaintiffs,<br><br>vs.<br><br>STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation, and KIA MOTORS AMERICA, INC., a California Corporation,<br><br>             Defendants. | Civil Action No. 1:13-cv-24700-KMW |

**DEFENDANTS STEFAN KENDAL GORDY AND SKYLER AUSTEN GORDY, KOBALT MUSIC PUBLISHING AMERICA, INC., AND KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT**

Defendants STEFAN KENDAL GORDY ("Stefan Gordy"), SKYLER AUSTEN GORDY ("Skyler Gordy"), KOBALT MUSIC PUBLISHING AMERICA, INC. ("Kobalt"), a Delaware corporation, and KIA MOTORS AMERICA, INC. ("Kia"), a California Corporation (collectively, the "Defendants"), hereby answer the Complaint ("Complaint") of WILLIAM L. ROBERTS, II ("Roberts"), ANDREW HARR ("Harr") and JERMAINE JACKSON ("Jackson") (collectively, the "Plaintiffs").

## ANSWER TO THE COMPLAINT

### NATURE OF ACTION, JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Defendants admit that Plaintiffs filed this action allegedly arising under the Copyright Act (17 U.S.C. § 101 *et seq.*) but deny that Plaintiffs' claims have merit.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

### PARTIES

5. Defendants admit that a composition entitled *Hustlin'* performed by Plaintiff Roberts contains a lyric "Everday I'm hustlin'," admit that Plaintiff Roberts is professionally known as "Rick Ross," allege that records of the United States Copyright Office identify Plaintiff Roberts as one of the co-authors of either lyrics or words and music of one or more compositions entitled *Hustlin'*, and, except as so admitted or alleged, lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore deny them.

6. Defendants allege that records of the United States Copyright Office identify Plaintiff Harr as one of the co-authors of either music or words and music of one or more compositions entitled *Hustlin'*, and, except as so alleged, lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore deny them.

7. Defendants allege that records of the United States Copyright Office identify Plaintiff Jackson as one of the co-authors of either music or words and music of one or more

compositions entitled *Hustlin'*, and, except as so alleged, lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore deny them.

8. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore deny them.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit that Defendants Stefan Gordy and Skyler Gordy have been professionally known as the musical group LMFAO, admit that they and others co-wrote the musical composition *Party Rock Anthem,* admit that Defendants Stefan Gordy and Skyler Gordy recorded one or more performances of the musical composition *Party Rock Anthem,* but deny the remainder of the allegations in paragraph 11 of the Complaint.

12. Defendants admit that Defendant Kobalt is a music publishing company incorporated in Delaware with its principal place of business in New York and that Kobalt has administered the music publishing rights to the composition *Party Rock Anthem* in the United States and various other countries, and, except as so admitted, deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS

14. Defendants admit that Plaintiff Roberts is professionally known as "Rick Ross" and, except as so admitted, lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny them.

15. Defendants admit that Plaintiff Roberts' album entitled *Port of Miami* contained a recording entitled *Hustlin'* and, except as so admitted, lack sufficient knowledge to form a belief

as to the truth of the allegations in paragraph 15 of the Complaint, and therefore deny them.

16. Defendants admit that the recording of Plaintiff Roberts' performance of a composition entitled *Hustlin'* included the lyric "Everyday I'm hustlin'" and, except as so admitted, lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny them.

17. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore deny them.

18. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore deny them.

## LMFAO

19. Defendants admit that Defendants Stefan Gordy and Skyler Gordy have been members of a musical group called LMFAO since 2006, and that the first LMFAO album was released in 2009; Defendants allege that Defendants Stefan Gordy and Skyler Gordy have been influenced by various music genres and styles, and, except as so admitted or alleged, Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore deny them.

## DEFENDANTS' ALLEGEDLY INFRINGING ACTIVITIES

### "*Party Rock Anthem*"

20. Defendants admit that Defendants Stefan Gordy and Skyler Gordy, with others, co-wrote *Party Rock Anthem* and recorded as the group LMFAO one or more performances of *Party Rock Anthem*, admit that that recording of *Party Rock Anthem* was included in their album *Sorry for Party Rocking* and, except as so admitted, deny the remaining allegations in paragraph 20 of the Complaint.

3

21.     Defendants admit that Defendant Kobalt has administered the music publishing rights to the composition *Party Rock Anthem* in the United States and various other countries, and, except as so admitted, deny the remainder of the allegations in paragraph 21 of the Complaint.

22.     Defendants admit that the composition *Party Rock Anthem* includes the lyric "Everyday I'm shufflin'" and, except as so admitted, deny the allegations in paragraph 22 of the Complaint.

23.     Defendants admit that the composition *Party Rock Anthem* includes the lyric "Everyday I'm shufflin'," admit that affiliates of Stefan Gordy and Skyler Gordy have created a Party Rock clothing line and that after the release of *Party Rock Anthem* the phrase "Everyday I'm shufflin'" appeared on some items of clothing in the Party Rock clothing line, and deny the remaining allegations in paragraph 23 of the Complaint.

24.     Defendants allege that the use of the phrase "Everyday I'm shufflin'" in the composition *Party Rock Anthem* did not require the permission of, or licenses from, Plaintiffs, or any of them, or from any legal owner of the copyright in and to *Hustlin'* and otherwise deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants admit that the sales of copies of the recordings of Defendants Stefan Gordy and Skyler Gordy performing *Party Rock Anthem* exceed the sales of any other one single recording of a performance by them of other compositions and, except as so alleged lack sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Defendants admit that the composition *Party Rock Anthem* has been licensed

4

to third parties for various purposes and, except as so admitted, deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that the composition *Party Rock Anthem* has been licensed to third parties for various purposes and, except as so admitted, deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants allege that prior to the filing of their Complaint, Plaintiffs advised Defendants that Plaintiffs believed that the use of the lyric "Everyday I'm shufflin'" in the composition *Party Rock Anthem* infringed Plaintiffs' alleged copyright interest in the phrase "Everyday I'm hustlin'" in a composition entitled *Hustlin'* and, except as so alleged, deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint and further specifically deny that any alleged infringement has occurred.

32. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore deny them.

33. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny them.

COUNT I

<u>**COPYRIGHT INFRINGEMENT**</u>

**(Defendants Gordy, Gordy, and Kobalt)**

34. Defendants Stefan Gordy, Skyler Gordy, and Kobalt restate and incorporate by this reference their responses to paragraphs 1 through 33 inclusive.

35. Defendants Stefan Gordy, Skyler Gordy, and Kobalt allege that copyright

registration records of the United States Copyright Office identify Plaintiffs Roberts, Harr, and Jackson and non-party Bernard Rogers as the co-authors of either lyrics or words and music of one or more compositions entitled *Hustlin'*; said Defendants further allege that copyright registration records filed February 28, 2006 in the United States Copyright Office identify Plaintiff Roberts (but no other Plaintiff) and non-party Bernard Rogers as two of four copyright claimants to a composition created in 2005 entitled *Hustlin'*; said Defendants further allege that the copyright registration records filed February 28, 2007 in the United States Copyright office identify Plaintiffs Harr and Jackson (but no other Plaintiff) as two of six copyright claimants to a composition created in 2006 entitled *Hustlin'*; said Defendants further allege that other copyright registration records filed February 28, 2006 in the United States Copyright office do not identify Plaintiffs, or any of them, as the copyright claimants to a composition created in 2006 entitled *Hustlin'*, and, except as so alleged, said Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore deny them.

36.   Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 36 of the Complaint.

37.   Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 37 of the Complaint and further specifically deny that any alleged infringement has occurred.

38.   Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 38 of the Complaint and further specifically deny that any alleged infringement has occurred.

39.   Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 39 of the Complaint and further specifically deny that any alleged infringement

has occurred.

40. Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 40 of the Complaint and further specifically deny that any alleged infringement has occurred.

41. Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny the allegations in paragraph 41 of the Complaint and further specifically deny that any alleged infringement has occurred.

WHEREFORE Defendants Stefan Gordy, Skyler Gordy, and Kobalt deny that (i) Plaintiffs are entitled to any relief requested by Plaintiffs in its prayer for relief for Count I as alleged in the Complaint; and (ii) Defendants Stefan Gordy, Skyler Gordy, and Kobalt are directly, contributorily, vicariously, jointly and severally, or otherwise liable for any of the alleged violations listed in Count I of the Complaint.  Defendants Stefan Gordy, Skyler Gordy and Kobalt respectfully request judgment in their favor and against Plaintiffs on Count I, as alleged in the Complaint, and for an award of their full costs, including Defendants' reasonable attorney's fees, against Plaintiffs, and each of them, pursuant to 17 U.S.C. § 505, and for such other and further relief as the Court deems just and proper.

## COUNT II
## COPYRIGHT INFRINGEMENT
### (All Defendants)

42. Defendants restate and incorporate by this reference their responses to paragraphs 1 through 33 inclusive of the Complaint.

43. Defendants admit that the composition "*Party Rock Anthem*" was licensed to Kia for use in video advertisements, but deny the remaining allegations in paragraph 43 of

the Complaint.

44.     Defendants allege that copyright registration records of the United States Copyright Office identify Plaintiffs Roberts, Harr, and Jackson and Bernard Rogers as the co-authors of either lyrics or words and music of one or more compositions entitled *Hustlin'*; Defendants further allege that copyright registration records filed February 28, 2006 in the United States Copyright Office identify Plaintiff Roberts (but no other Plaintiff) and non-party Bernard Rogers as two of four copyright claimants to a composition created in 2005 entitled *Hustlin'*; Defendants further allege that the copyright registration records filed February 28, 2007 in the United States Copyright office identify Plaintiffs Harr and Jackson (but no other Plaintiff) as two of six copyright claimants to a composition created in 2006 entitled *Hustlin'*; Defendants further allege that other copyright registration records filed February 28, 2006 in the United States Copyright Office do not identify Plaintiffs, or any of them, as the copyright claimants to a composition created in 2006 entitled *Hustlin',* and, except as so alleged, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore deny them.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint and further specifically deny that any alleged infringement has occurred.

47.     Defendants deny the allegations in paragraph 47 of the Complaint and further specifically deny that any alleged infringement has occurred.

48.     Defendants deny the allegations in paragraph 48 of the Complaint and further specifically deny that any alleged infringement has occurred.

49.     Defendants deny the allegations in paragraph 49 of the Complaint and further

specifically deny that any alleged infringement has occurred.

50.     Defendants deny the allegations in paragraph 50 of the Complaint and further specifically deny that any alleged infringement has occurred.

WHEREFORE Defendants deny that (i) Plaintiffs are entitled to any relief requested by Plaintiffs in its prayer for relief for Count II of the Complaint; and (ii) Defendants are directly, contributorily, vicariously, jointly and severally, or otherwise liable for any of the alleged violations listed in Count II of the Complaint.  Defendants respectfully request judgment in their favor and against Plaintiffs on Count II as alleged in the Complaint, and for an award of their full costs, including Defendants' reasonable attorney's fees, against Plaintiffs, and each of them, pursuant to 17 U.S.C. § 505, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without regard to whether they are "affirmative" defenses or matters as to which Plaintiffs have the burden of proof.

## FIRST DEFENSE

51.     The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

52.     Plaintiffs' claims are barred by their failure to join indispensable parties.

## THIRD DEFENSE

53.     Plaintiffs' claims are barred, in whole or in part, because this court lacks personal jurisdiction over one or more of the Defendants.

## FOURTH DEFENSE

54.     Plaintiffs' claims are barred, in whole or in part, because Defendants' copying, if

any, of any element from a composition entitled *Hustlin'* in which Plaintiffs allege a copyright interest did not involve the use of any elements of *Hustlin'* protected by copyright.

### FIFTH DEFENSE

55.     Plaintiffs' claims are barred, in whole or in part, because Defendants' copying, if any, of any element from a composition entitled *Hustlin'* in which Plaintiffs allege a copyright interest did not involve use of any elements of *Hustlin'* sufficiently original to warrant copyright protection.

### SIXTH DEFENSE

56.     Plaintiffs' claims are barred, in whole or in part, because Defendants' copying, if any, of any element from a composition entitled *Hustlin'* in which Plaintiffs allege a copyright interest was *de minimis*.

### SEVENTH DEFENSE

57.     In the alternative, and assuming that the composition *Party Rock Anthem* copies any copyright protectable elements of the composition *Hustlin'*, which Defendants deny, Plaintiffs' claims are barred because any such use in *Party Rock Anthem* is a transformative, fair use under the United States Copyright Act and the First Amendment of the United States Constitution and is not an infringement and some of the facts upon which this fair use defense is based include, but are not limited to, the allegations of paragraphs 58 through 72, below.

*Hustlin'*

58.     Upon information belief, the lyrics of the composition *Hustlin'* upon which Plaintiffs base their infringement claim are set forth on Exhibit 1 hereto and incorporated herein by this reference as if set forth in full.

59.     *Hustlin'* tells a fictional story about a fictional character "Rick Ross." The fictional "Rick Ross" is a character that Plaintiff Roberts has assumed as his public, performing

10

persona and he is professionally known by that name. On information belief, the "Rick Ross" character is, at least in part, based on and inspired by the real-life exploits of the notorious Ricky Ross, also known as Freeway Ricky Ross, a major cocaine and crack cocaine distributor in Los Angeles during the 1980s who was also reputed to be involved with the CIA and the Iran-Contra scandal.  On information and belief, Plaintiff Roberts, a former correctional officer, created his fictional persona "Rick Ross" to gain credibility among the audience for the genre of music performed and written by Plaintiff Roberts.

60. On information and belief, *Hustlin'* was Plaintiff Roberts first commercially released recording and on that recording, Plaintiff Roberts performs the composition *Hustlin'* as if he were the "Rick Ross" persona and as if *Hustlin'* were the true story of the "Rick Ross" persona.

61. The composition *Hustlin'* tells the story of a big-time drug dealer in Miami involved in the international cocaine traffic network who knows both the former Panamanian dictator Manuel Noriega who was subsequently prosecuted and jailed in the United States for, among other things, drug trafficking and who was also reputed to be involved with the CIA and the Colombian narcotic trafficker Pablo Escobar.

62. Among other lyrics, *Hustlin'* includes the "Rick Ross" character identifying himself "Who you suckers think you trippin' with? Yes, I'm the boss / Seven forty-five, white on white, that's Rick Ross" and  proclaiming that "I know Pablo, Noriega, the real Noriega / He owes me a hundred favors;" and "It ain't no walkin' 'round me / See all these killers 'round me / Lot of drug dealin' 'round me /  Goin' down in Dade County."

63. *Hustlin'* also describes what the "Rick Ross" persona does in his cocaine drug dealing business with the phrase "Everyday I'm hustlin'."  On information and belief, as used

in the composition *Hustlin'* the lyric "Everyday I'm hustlin'" is intended to be understood, and is understood, as describing the "Rick Ross" persona's daily activity of selling and promoting cocaine energetically and aggressively and making strenuous efforts to obtain money in the drug trade business.

*Party Rock Anthem*

64. The lyrics of the composition *Party Rock Anthem* tell a story and express a life philosophy completely opposite to the story and philosophy celebrated and espoused in *Hustlin'*. The lyrics of *Party Rock Anthem* are set forth on Exhibit 2 hereto and incorporated herein by this reference as if set forth in full.

65. Rather than endorsing *Hustlin's* story of a cocaine trafficker's criminal lifestyle, *Party Rock Anthem* extols the virtue of "Everybody just have a good time" because "Party rock is in the house tonight." *Party Rock Anthem* is a paean to good, hard core partying. The use of the lyric "Everyday I'm shufflin'" is used as a reference in *Party Rock Anthem* to dancing at that composition's endorsed party and is a nod to the Melbourne Shuffle dance step.

**Transformative "Use."**

66. If the lyric "Everyday I'm shufflin'" in *Party Rock Anthem* is a copy of any copyright protectable interest Plaintiffs may have in the phrase "Everyday I'm hustlin'" from *Hustlin'*, which Defendants deny, the lyric "Everyday I'm shufflin'" as used in *Party Rock Anthem* totally transforms the lyric "Everyday I'm hustlin'" from *Hustlin'*.

67. In response to Plaintiffs composition declaring that "Everyday I'm hustlin'" in the international, drug-dealing cocaine trade, *Party Rock Anthem* replies with the lyric "Everyday I'm shufflin'" as a rejection of Plaintiffs' drug trafficker doing everything he can do to make money every day in the drug trade and instead recommends that everyone should party, have a

good time, and dance emphasizing that message with the declaration that "Everyday I'm shufflin'."

68. Defendants' transformation of Plaintiffs' lyric "Everyday I'm hustlin'" describing the desperate, hard core life of an international drug trafficker to Defendants' lyric "Everyday I'm shufflin'" describing what the good time party loving guys do with their time adds something new to the *Hustlin'* lyric and gives that lyric a completely new expression, meaning, and message that does not supersede the objects of Plaintiffs' original creation.

**The Nature of Copyright Protection, if any, in Plaintiffs' "Everyday I'm hustlin'" lyric**

69. While the entirety of the composition *Hustlin'* may be near to the core of the policies and interests protected by copyright, the short, declarative phrase "Everyday I'm hustlin'" is much more of a simple factual statement describing the daily life of a big-time drug dealer entitled to only the thinnest copyright protection, if it is entitled to any protection at all.

70. On information and belief, Plaintiffs intended that Plaintiff Roberts' performance of *Hustlin'* presented by him in the guise of his "Rick Ross" persona would be understood by the public to be a factual statement regarding Roberts' supposed life he claimed to have led in the persona of the drug-dealing "Rick Ross."

**The "Everyday I'm hustlin'" Lyric's Quantitative and Qualitative Portion of the Composition Hustlin'.**

71. While repeated and chanted numerous times in the composition "Hustlin'" the simple lyric "Everyday I'm hustlin'" is neither quantitatively or qualitatively a significant portion of the composition.

13

**The Economic Impact of the lyric "Everday I'm shuffling'" in *Party Rock Anthem* upon Defendants' *Hustlin'*.**

72.     On information belief, the creation, exploitation, and performance of the lyric "Everyday I'm shufflin'" in *Party Rock Anthem* has not had, and will not have, any adverse commercial impact upon Plaintiffs' composition *Hustlin'* but instead increased the commercial success of *Hustlin'* and of Plaintiff Roberts recorded performance of *Hustlin'*.

## EIGHTH DEFENSE

73.     Plaintiffs' claims for damages are barred, in whole or in part, because to the extent, if at all, each Plaintiff is a beneficial and/or legal owners of an interest in the copyright to the composition entitled *Hustlin'* that they allege was infringed by one or more of the Defendants, each Plaintiff is only entitled to recover his own respective individual share of damages, if infringement and any damages, profits, or statutory damages were to be proved or awarded, and no Plaintiff may recover damages, profits, or statutory damages attributable to any other person's or entity's beneficial or legal ownership in the copyright of the composition entitled *Hustlin'*.

## NINTH DEFENSE

74.     Plaintiffs' claims are barred in whole or in part because Defendants have not willfully infringed any intellectual property or other rights owned by Plaintiffs and because Defendants have acted in good faith and without any intention of injuring Plaintiffs.

## TENTH DEFENSE

75.     Plaintiffs' claims are barred in whole or in part by 17 U.S.C. § 507 because this action was commenced more than three years after the alleged claims accrued.

## RESERVATION OF RIGHTS AND DEFENSES

Defendants reserve the right to raise additional defenses as they become aware of them through discovery or otherwise.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

(a) That Plaintiffs take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

(b) That the Court enter judgment that Defendants are the prevailing parties in this action;

(c) That the Court award Defendants their full costs, including Defendants' reasonable attorneys' fees, against Plaintiffs, and each of them, pursuant to 17 U.S.C. § 505; and

(d) That the Court award any and all other relief to which Defendants may be entitled.

Dated: March 19, 2014

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc., and Kia Motors America, Inc.*

333 Avenue of the Americas
Miami, FL 33131
Tel: 305-579-0500; Fax: 305-579-0717

By:  /s/ *VINCENT H. CHIEFFO*
       VINCENT H. CHIEFFO
       (Admitted *Pro Hac Vice*)
       chieffov@gtlaw.com

By:  /s/ *BARRY L.ROTHBERG*
       BARRY L. ROTHBERG
       Florida Bar No. 0160873
       rothbergb@gtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer was electronically filed and served via CM/ECF upon all counsel of record, on this 19th day of March, 2014.

By: ___*s/Barry Rothberg*___
      BARRY L. ROTHBERG