UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-24700-CIV-WILLIAMS

WILLIAM L. ROBERTS, II, *et al.*,

    Plaintiffs,

vs.

STEFAN KENDAL GORDY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants Stefan Kendal Gordy, Skyler Austen Gordy, and Party Rock, LLC's motion for judgment on the pleadings as to Counts III and IV of Plaintiffs' amended complaint (DE 55), to which Plaintiffs filed a response in opposition (DE 77), and Defendants filed a reply (DE 79). Also before the Court is Defendants' request for judicial notice in support of Defendants' motion for judgment on the pleadings (DE 57) and Defendants' reply to Plaintiffs' objections to Defendants' request for judicial notice (DE 80). Plaintiffs' objections to Defendants' request for judicial notice were incorporated into Plaintiffs' response in opposition to the motion for judgment on the pleadings (DE 77).

**I.    BACKGROUND**

Plaintiffs William L. Roberts, II, p/k/a Rick Ross, Andrew Harr, and Jermaine Jackson brought this action against Defendants Stefan Kendal Gordy and Skyler Austen Gordy, collectively known as LMFAO, Kobalt Music Publishing America, Inc., Kia Motors America, Inc., David & Goliath, LLC, David Jamahl Listenbee p/k/a Goon Rock, The

Listenbee, LLC, NU80s Music, LLC, LMFAO, LLC, and Foo & BLU, LLC.[1] Plaintiffs allege that they co-wrote, recorded, and produced the song *Hustlin'* which featured the popular hook and catch-phrase "Everyday I'm Hustlin'" (DE 34 ¶¶ 5-8). *Hustlin'*, which was featured on Plaintiff Roberts' 2006 debut album, was extremely successful (DE 34 ¶¶ 23-26), and Mr. Roberts "continues to be strongly associated with *Hustlin'* and the very popular and highly recognizable hook/phrase 'Everyday I'm hustlin'" (DE 34 ¶ 27). Mr. Roberts used the phrase "Everyday I'm hustlin'" on T-shirts for advertising and promotional purposes (DE 34 ¶ 25).

In 2010, Defendants Stefan Gordy and Skyler Gordy co-wrote and recorded *Party Rock Anthem*, which was released in 2011, and which was featured on LMFAO's second album, *Sorry for Party Rocking* (DE 34 ¶ 29). *Party Rock Anthem* was also very successful (DE 34 ¶¶ 32, 35). Plaintiffs posit the reason for this success is, in part, that *Party Rock Anthem* "copies, interpolates the lyrics, underlying music and beat of '*Hustlin'*' and prominently features the highly recognizable 'Everyday I'm hustlin' . . .' phrase by featuring at key points in '*Party Rock Anthem*,' the phrase 'Everyday I'm shufflin' . . . .' '*Party Rock Anthem*' thus contains a qualitatively distinct, important and original portion of '*Hustlin'*.'" (DE 34 ¶ 30.) Plaintiffs contend that the use of *Hustlin'* in *Party Rock Anthem* is "readily apparent . . . and constitutes, *inter alia*, the creation of an unauthorized derivative work." (DE 34 ¶ 30.) Plaintiffs further allege that "Everyday I'm shufflin'" in *Party Rock Anthem* is performed in a manner to sound like "Everyday I'm hustlin'" in *Hustlin'*; that "Everyday I'm shufflin'" is a prominent hook of *Party Rock Anthem* and an obvious attempt to capitalize on the fame and success of *Hustlin'*; and

---

[1] On September 16, 2014, Plaintiffs voluntarily dismissed Defendant Bravado International Group Merchandising Services, Inc. (DE 35.)

2

that the recording of *Hustlin'* was played and specifically copied during the recording of *Party Rock Anthem* in order to imitate the sound of *Hustlin'* as closely as possible (DE 34 ¶ 31).

In March 2011, the *Party Rock Anthem* music video was released (DE 34 ¶ 32). The video "prominently highlights the phrase 'Every Day I'm Shufflin' by, *inter alia*, featuring Defendant Stephan Gordy (Redfoo) wearing a T-shirt throughout the video bearing the phrase 'Everyday I'm Shufflin' . . . [and] by using the visual depiction of 'Everyday I'm Shufflin' coupled with the audio of 'Everyday I'm Shufflin' imitating *Hustlin'* as the tag line of the video." (DE 34 ¶ 32). Following the release of *Party Rock Anthem*, LMFAO launched a successful clothing line, Party Rock Clothing, that showcases the phrase "Everyday I'm shufflin'" on T-shirts and other clothing items (DE 34 ¶ 31).

Plaintiffs allege that Defendants knew or should have known that they could not use *Hustlin'* in a musical work without a license – as is custom in the industry – and that Defendants never sought a license or permission from Plaintiffs (DE 34 ¶ 33). According to Plaintiffs, Defendants' infringing acts include unlawfully creating, manufacturing, producing, selling, marketing and distributing the musical composition and sound recording of *Party Rock Anthem* (DE 34 ¶ 34). In addition, Plaintiffs complain that Defendants have extensively licensed *Party Rock Anthem* to various third parties for commercial and advertising purposes, including for use in numerous films, television programs, video games and advertisements (DE 34 ¶ 36).

In Count III of the amended complaint, Plaintiffs assert a claim of copyright infringement against Defendants Stefan Gordy, Skyler Gordy, and Party Rock, LLC (DE 34 at 16), in that Plaintiffs are "the copyright owners under United States copyright law

with respect to the musical composition entitled '*Hustlin*' which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyright." (DE 34 ¶ 61.) Plaintiffs allege that Defendants infringed on the copyright by "marketing merchandise, including T-shirts, bearing the phrase 'Everyday I'm shufflin' which have been sold and distributed in interstate commerce . . . including via the internet through Defendants' website www.partyrockclothing.com." (DE 34 ¶ 62.)

In Count IV, Plaintiffs assert that Defendants Stefan Gordy, Skyler Gordy, and Party Rock, LLC have engaged in trademark infringement because Mr. Roberts "has acquired trademark rights in the phrase 'Everyday I'm Hustlin' and has utilized the phrase on T-shirts for promotional and advertising purposes . . . well before Defendants began using the confusingly similar phrase 'Everyday I'm Shufflin'" (DE 34 ¶ 69). Plaintiffs allege that Defendants infringed on Mr. Roberts' trademark by "marketing merchandise, including T-shirts, bearing the phrase 'Everyday I'm shufflin' which have been sold and distributed in interstate commerce . . . including via the internet through Defendants' website www.partyrockclothing.com. . . . without permission or authority of Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive." (DE 34 ¶ 70.)

## II.   LEGAL STANDARD

### A.   Judgment on the Pleadings

Judgment on the pleadings is appropriate when "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A fact is "material" if it "might affect the outcome of the suit under

the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). Accordingly, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* The Court cannot dismiss a complaint because the Court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

B.  **Judicial Notice**

The Court has "wide discretion" to take judicial notice of appropriate adjudicative facts at any stage in the proceeding. *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014). Nevertheless, the "taking of judicial notice of facts is a 'highly limited process'" that "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Id.* (quoting *Dippin' Dots, Inc. v. Frosty Bites Distribut., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004)). Therefore, in order for a fact to be judicially noticed, indisputability is a prerequisite. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The Court can take

judicial notice of certain facts without formal proof only if the fact is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed. R. Evid. 201). For example, "public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (discussing precedent of permitting public records to be considered at the motion to dismiss stage).

Defendants request that the Court take judicial notice of documents from the United States Patent and Trademark Office (Exhibits 5, 7, 8, and 11) and a document from the California Secretary of State (Exhibit 9), which are presented as screenshots from the respective agency's websites. Plaintiffs do not appear to oppose this request; consequently the Court will take judicial notice of Exhibits 5, 7, 8, 9, and 11.

In addition, Defendants request that the Court take judicial notice of additional web screenshots from the Hustlin USA Clothing Company website (Exhibit 6) and printouts from various other websites (Exhibits 3, 4, and 10). These exhibits are inappropriate for judicial notice. The screenshots and contents of the assorted websites are neither generally known within the jurisdiction of this Court nor are they capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Moreover, this evidence is inadmissible because Defendants did not properly authenticate it. *See Lodge*, 750 F.3d at 1274 (affirming trial

6

court's decision to decline considering a document from a website because the document was not authenticated and was not appropriate for judicial notice).

C. Incorporation by Reference

Under the incorporation by reference doctrine, a Court may consider a document attached to a motion for judgment on the pleadings without converting the motion into one for summary judgment "only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.* "If the document's contents are alleged in the complaint and no party questions those contents, [the Court] may consider such a document provided it meets the centrality requirement." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

However, a document that is "merely responsive" to the plaintiff's complaint, and not central to it, is not subject to the incorporation by reference doctrine. *See Esys Latin Am., Inc. v. Intel Corp.*, 925 F. Supp. 2d 1306, 1314 (S.D. Fla. 2013); *Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, at *3 (11th Cir. Oct. 4, 2007) ("A document is not 'central' merely because it is directly responsive to a factual allegation."). This is because the "foundation for a defendant's ability to introduce 'central' documents . . . 'is that when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings.'" *Adamson*, 2007 WL 2900576 at *3 (quoting *Avado Brands,* 187 F.3d at 1280 n.16). Accordingly, if the document is "so central to the claim that it served as a basis for the complaint," then the incorporation by

reference doctrine will apply. *Avado Brands*, 187 F.3d at 1280 n.16; *see also Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013) ("[C]ourts have found attached documents to be 'central' when they are at the very heart of the plaintiff's claim."). In determining whether a document is central to a plaintiff's claim, courts have considered whether the document is referenced throughout the complaint and whether the plaintiff would have to offer a copy of the article to prove his case. *See Amerijet Int'l*, 932 F. Supp. 2d at 1344-45; *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007).

Defendants request that the Court consider, under the incorporation by reference doctrine, (1) the lyrics to *Hustlin'*; (2) the lyrics to *Party Rock Anthem*; and (3) screenshots from websites on which merchandise featuring the phrase "Everyday I'm hustlin'" and "Everyday I'm shufflin'" is sold. Pursuant to this doctrine, the Court will consider the lyrics of *Hustlin'* and *Party Rock Anthem* because the lyrics are central to Plaintiffs' claims and the authenticity of the lyrics is unchallenged. However, the Court will not consider the screenshots from websites on which merchandise featuring the lyrics "Everyday I'm hustlin'" and "Everyday I'm shufflin'" is sold because those websites are not central to Plaintiffs' claims. The websites, with the exception of partyrockclothing.com, are not referenced in Plaintiffs' complaint and the success of Plaintiffs' claims does not rely on the contents of the screenshots. Rather, those screenshots, if admissible, may be relevant to the Defendants' defenses (or a question of damages), but Plaintiffs have no obligation or need to offer the contents of the websites into evidence in order to prevail on their claims. In addition, the Court will not

consider the screenshots because Plaintiffs have disputed their admissibility (*see* DE 77 at 4) and because they have not been properly authenticated.

## III. ANALYSIS

### A. Defendants are not Entitled to Judgment on the Pleadings on Count III

Defendants argue that Plaintiffs have failed to allege facts sufficient to state a claim for copyright infringement (DE 55 at 1). In order to state a claim for copyright infringement, the plaintiff must allege: (1) ownership of a valid copyright; and (2) copying by the defendants of elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). To prove ownership, the plaintiff must show the originality of the work and compliance with the relevant statutory formalities. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). Plaintiffs allege that they "are, and at all relevant times have been, the copyright owners under United States copyright law with respect to the musical composition entitled *Hustlin'* which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights." (DE 34 ¶ 61.) Accordingly, taking all allegations in the amended complaint as true, the Court finds that Plaintiffs have sufficiently alleged ownership.

The second element of a copyright infringement claim can be established by direct proof of copying. However, because such direct proof is rare, the second element is generally established by proving that (1) the person who composed the defendant's work had access to the copyrighted material; and (2) there is a substantial similarity between the two works. *See Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir. 1999). Plaintiffs have alleged that *Party Rock Anthem* "copies, interpolates the lyrics, underlying music and beat of *Hustlin'* and prominently features the highly

9

recognizable 'Everyday I'm hustlin' . . .' phrase by featuring at key points in *Party Rock Anthem,*' the phrase 'Everyday I'm shufflin' . . . [and] thus contains a qualitatively distinct, important, and original portion of *Hustlin*" (DE 34 ¶ 30). Plaintiffs further allege that the "use of *Hustlin*' in '*Party Rock Anthem*' is readily apparent . . . and constitutes the creation of an unauthorized derivative work." (DE 34 at 7 ¶ 30.) Plaintiffs contend that *Party Rock Anthem* is substantially similar to *Hustlin*' and that Plaintiffs released a music video prominently featuring Defendant Stephan Gordy wearing a shirt bearing the phrase "Everyday I'm Shufflin'" (DE 34 at 8 ¶¶ 31-32). Plaintiffs allege that Defendants have infringed on Plaintiffs' copyright by marketing merchandise, including shirts, bearing the phrase "Everyday I'm Shufflin'" (DE 34 ¶ 62). Taking the allegations in the amended complaint as true and drawing all reasonable inferences in Plaintiffs' favor, Count III sufficiently alleges that Defendants had access to the copyrighted material and that there is a substantial similarity between the merchandise.

In support of their motion for judgment on the pleadings, Defendants argue that the phrase "Everyday I'm hustlin'" is not copyrightable because it is a common, short phrase lacking originality and because it is subject to the merger doctrine (DE 55 at 5). Based on the authorities cited in their motion, Defendants contend "it is indisputable that the lyric, 'everyday I'm hustlin' which is a short, common phrase, is not subject to copyright protection." (DE 55 at 6.) However, the cases cited by Defendants evaluated the contested works at the summary judgment stage or after trial and not in a motion for judgment on the pleadings.[2]

---

[2] Defendants cite to a single case in support of their argument that "Eleventh Circuit case law supports a trial court's ruling based on infringement at a motion to dismiss." (DE 55 at 3 n.4). Notably, that case, *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340 (S.D. Fla. 2014), involved architectural designs, which as the court in *Sieger*

10

Defendants also ask the Court to find, on the basis of the pleadings, that the phrase "Everyday I'm hustlin'" is not copyrightable and that "Everyday I'm hustlin'" and "Everyday I'm shufflin'" in the context of the disputed works, music videos, performances, and associated merchandise are not substantially similar. While these contentions may ultimately be well-taken, at this stage of the proceedings the Court's inquiry is limited to the pleadings and to a determination of whether plaintiff has alleged sufficient facts to state a claim upon which relief may be granted. The Court finds that resolving whether the works at issue are substantially similar and whether the phrase "Everyday I'm hustlin'" is copyrightable would entail a fact-intensive inquiry ranging far beyond the pleadings. Consequently, Defendants' motion for judgment on the pleadings as to Count III must be denied.

### B. Defendants are not Entitled to Judgment on the Pleadings on Count IV

Count IV of the amended complaint asserts a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).[3] Plaintiffs allege that Mr. Roberts "has acquired trademark rights in the phrase 'Everyday I'm Hustlin' and has utilized the phrase on T-shirts for promotion and advertising purposes . . . well before Defendants began using the confusingly similar phrase 'Everyday I'm Shufflin'" (DE 34 ¶ 69). According to Plaintiffs, Defendants have infringed on Mr. Roberts' trademark by

---

observed, were considered "compilations" and are afforded only "specific copyright protection," unlike other works. In addition, the court in *Sieger* stated that while "the Eleventh Circuit has held it is appropriate for a judge to decide substantial similarity in *architecture cases* . . . the issue has, thus far, only been considered at the summary judgment stage in the Eleventh Circuit." *Id.* at 1350 (emphasis added). Defendants cited no authority supporting a trial court's ruling on a motion to dismiss in an infringement action outside of the architectural context.

[3] Although Plaintiffs' amended complaint references Section 32 of the Lanham Act, Plaintiff Roberts has clarified that he is "asserting rights in an unregistered trademark" and that the reference to registered marks was inadvertent (DE 77 at 6 n.2).

11

marketing, selling, and distributing merchandise bearing the phrase "Everyday I'm Shufflin'" without Mr. Roberts' permission or authority (DE 34 ¶ 70). Plaintiffs state that such use has caused and is likely to cause confusion among the general public and has deceived or is likely to deceive the general public into believing that Mr. Roberts is affiliated, connected, or associated with Defendants or that Mr. Roberts has licensed, sponsored, or approved of Defendants and their products (DE 34 ¶ 71).

To state a claim under section 43(a) of the Lanham Act, the plaintiff must allege that he had prior rights to the mark at issue and that the defendant adopted a mark or name that was the same or confusingly similar to the plaintiff's mark such that consumers are likely to confuse the two. *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001). The Court finds that accepting Plaintiffs' factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor, judgment on the pleadings is inappropriate because Plaintiffs have plausibly stated a claim for trademark infringement.

Defendants appear to argue that Plaintiffs are subject to a heightened pleading standard for a trademark infringement claim. First, Defendants contend that they should be entitled to judgment on the pleadings because Plaintiff has not "alleged that 'everyday I'm hustlin' is an inherently distinctive mark (nor can he)." (DE 55 at 10). In addition, Defendants argue that a lyric must have acquired a secondary meaning in association with the goods at issue in order for defendants to be liable for trademark (DE 55 at 11) and that Plaintiff has not alleged that "'everyday I'm hustlin' . . . has acquired secondary meaning" (DE 55 at 10). But Defendants have cited no authority that a plaintiff must specifically allege that his mark is distinctive or that it has acquired a

secondary meaning in order to survive a motion for judgment on the pleadings. Rather, as the case repeatedly cited by Defendants for the valid proposition that a mark must be distinctive to be protected recognizes, "distinctiveness is a question of fact." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007) (affirming trial court's grant of summary judgment in a trademark infringement case). Likewise, "the existence of a secondary meaning is a question of fact." *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1524 (11th Cir. 1991).[4]

Second, Defendants argue that use of "Everyday I'm Hustlin'" on merchandise is merely ornamental, is not used in connection with a "TM" symbol, and does not identify Plaintiffs as the source of the goods. As an initial matter, the Court has found that the screenshots which Defendants rely upon may not be considered in ruling on Defendants' motion for judgment on the pleadings. Moreover, Defendants have cited no case requiring a plaintiff to plead that his merchandise is not ornamental or that he

---

[4] Defendants also cite to *L.A. Triumph, Inc. v. Ciccone,* No. CV 10-06195 SJO JCX, 2011 WL 5562810 (C.D. Cal. Aug. 31, 2011), for the proposition that the singing of a song does not create a trademark and that Plaintiff has not alleged any secondary meaning of the lyric "Everyday I'm Hustlin'" in the apparel industry (DE 55 at 11). However, the court in *L.A. Triumph*, denied defendants' motion for summary judgment finding that issues of material fact existed regarding whether Madonna was the first user of the "Material Girl" mark due to the sale of "Material Girl" merchandise and, if so, the size and scope of the protection of that mark. *L.A. Triumph, Inc.*, No. No. CV 10-06195 SJO JCX, 2011 WL 5562810, at *3-4 (C.D. Cal. Aug. 31, 2011) (denying summary judgment and noting that because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena). Similarly, relying on *Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*, 766 F. Supp. 2d 1122 (W.D. Wash. 2011), Defendants argue that even where a defendant uses the same exact lyrics as the plaintiff, it will not be liable for trademark infringement unless the lyric has acquired secondary meaning in association with the goods or services at issue (DE 55 at 11). First, the Court again points out that *Experience Hendrix* was decided at the summary judgment stage and not on a motion to dismiss or motion for judgment on the pleadings. Second, the court in *Experience Hendrix* acknowledged that "[i]n some circumstances, a film, music, or literary title can have strong enough secondary meaning to preclude its use in connection with other mediums or merchandise." *Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*, 766 F. Supp. 2d 1122, 1147 (W.D. Wash. 2011). At this stage of the litigation, the Court cannot say, on the basis of the pleadings, that "Everyday I'm Hustlin'" has not acquired such a secondary meaning.

uses a TM symbol, particularly where, as here, Plaintiff is proceeding under a theory of an unregistered trademark. In essence, Defendants are asking the Court to evaluate the merchandise in question and to make a factual determination regarding whether the purported mark serves as part of the aesthetic ornamentation of the goods. The cases relied upon by Defendants suggest that to make such a determination, the Court must evaluate the size, location, dominance, and significance of the alleged mark as applied to the goods, and the overall commercial impression of the phrase as used on the merchandise (see DE 55 at 12). This type of exhaustive factual analysis is inappropriate on a motion for judgment on the pleadings.

Finally, the Court addresses Defendants' argument that Plaintiffs have not adequately alleged likelihood of confusion and Defendants' request that the Court engage in an analysis of the seven factor test applied in the Eleventh Circuit to determine whether there is a likelihood of confusion between the two marks. Such an in-depth and inherently factual comparison – which includes evaluating the strength of the mark, the overall impression created by the mark as a whole, the merchandise in question, the actual sales and advertising of the merchandise, and the defendants' intent – is not an appropriate undertaking on a motion for judgment on the pleadings.[5] See Welding Servs., Inc., 509 F.3d at 1361 ("The likelihood of confusion is a question of fact."). Plaintiffs have alleged that the use of the mark is likely to cause confusion and has caused confusion among the general public (DE 34 ¶ 71). Further, Plaintiffs contend that Mr. Roberts is "strongly associated" with Hustlin' and the recognizable hook and phrase "Everyday I'm hustlin'" (DE 34 ¶ 27). Plaintiffs also allege that

---

[5] Defendants have already filed a summary judgment motion and elected not to move for summary judgment on this count.

Defendants intended to imitate the sound and lyrics from *Hustlin* (DE 34 ¶ 31) and that they did so, in part, by wearing a T-shirt bearing the phrase "Everyday I'm shufflin'" throughout their music video (DE 34 ¶ 32). Plaintiffs also assert that Defendants' marketing of merchandise featuring the phrase "Everyday I'm shufflin'" is "confusingly similar" to Mr. Roberts' merchandise featuring the phrase "Everyday I'm hustlin'" (DE 34 ¶ 69). In light of these well plead allegations, the Court finds that Plaintiffs have stated a plausible claim for trademark infringement and Defendants' motion for judgment on the pleadings as to Count IV is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings (DE 55) is **DENIED**, and Defendants' request for judicial notice (DE 57) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 5th day of February, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE