IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24700-CIV-WILLIAMS-SIMONTON

WILLIAM L. ROBERTS, II p/k/a RICK ROSS )
and ANDREW HARR and JERMAINE )
JACKSON collectively p/k/a THE RUNNERS, )
                                          Plaintiffs, )

v. )

STEFAN KENDAL GORDY and SKYLER )
AUSTEN GORDY collectively p/k/a LMFAO, )
KOBALT MUSIC PUBLISHING AMERICA, )
INC., a Delaware corporation, KIA MOTORS )
AMERICA, INC., a California corporation, )
DAVID & GOLIATH, LLC, a Delaware )
limited liability company, DAVID JAMAHL )
LISTENBEE p/k/a GOON ROCK, THE )
LISTENBEE, LLC, a California limited )
liability company, NU80s MUSIC, LLC, a )
California limited liability company, LMFAO, )
LLC, a California limited liability company, )
PARTY ROCK, LLC, a California limited )
liability company, FOO & BLU, LLC, a )
California limited liability company, )
                                          Defendants. )
                                                       )

**DEFENDANTS' MOTION TO PERMIT CERTAIN PARTIES TO APPEAR
TELEPHONICALLY AT FEBRUARY 26, 2015 MEDIATION, AND TO EXCUSE
DAVID & GOLIATH, LLC FROM MEDIATION**

      Defendants, STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation, KIA MOTORS AMERICA, INC., a California corporation, DAVID & GOLIATH, LLC, a

Delaware limited liability company[1], DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, THE LISTENBEE, LLC, a California limited liability company[2], NU80s MUSIC, LLC, a California limited liability company, LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California limited liability company, and FOO & BLU, LLC, a California limited liability company, by and through their undersigned counsel and pursuant to Rule 16.2(e) of the Local Rules of the United States District Court for the Southern District of Florida, respectfully file this Motion to Allow Certain Defendants to Appear Telephonically at the Mediation scheduled on February 26, 2015, and to Excuse David & Goliath from the Mediation (or alternatively, to allow its appearance telephonically). In support thereof, Defendants state as follows.

1. Pursuant to the Court's Order dated January 23, 2015 [D.E. 125], mediation in this case is scheduled to take place on February 26, 2015. Pursuant to Local Rule 16.2(e), the January 23 Order, and the Court's more recent Order of February 3 [D.E. 137], all Defendants are required to physically appear at the mediation, either in person or via a corporate representative, unless excused by the Court. As set forth in more detail below, due the indemnification obligations of some of the Defendants, pending or anticipated motions to dismiss for lack of personal jurisdiction, and the fact that some of the Defendants are domiciled in California, Defendants respectfully request that a limited number of the named Defendants be permitted to participate telephonically in the Mediation. Defendants also request that David & Goliath be excused from the mediation, or alternatively, that it also be permitted to appear telephonically.

2. Defendants Stefan and Skyler Gordy, as two of the co-authors of *Party Rock Anthem*, through their corporate entities (also Defendants in this action), the owners of the copyright in *Party Rock Anthem*, and as the performers of *Party Rock Anthem*, are obligated

---

[1] Defendants' counsel represents Defendant DAVID & GOLIATH, LLC ("David & Goliath"), a Delaware limited liability company, which is subject to a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. [D.E. 78]. This Motion is made without waiving any argument that David & Goliath is not subject to the Court's jurisdiction.

[2] Defendants' counsel also represents Defendants DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, and THE LISTENBEE, LLC, a California limited liability company, both of which were only very recently served with process in this case. [D.E. 141]. These Defendants intend to file a motion to dismiss for lack of personal and make this Motion without waiving any argument that they are not subject to the Court's jurisdiction.

(directly and indirectly) to indemnify the other Defendants in this action, including publishers and licensees, one of which is Kobalt Music Publishing America, Inc. ("Kobalt"). Kobalt is the music publisher that administers *Party Rock Anthem*, and Kobalt is in turn obligated to indemnify its licensee Kia Motors America, Inc. ("KMA") (which utilized the song in question in an advertising campaign), as well as David & Goliath, which was KMA's advertising agency. Defendants have already produced many documents in this case, including license agreements, that set forth the indemnification obligations of the various Defendants.

3. As a practical matter, and as the primary party in interest, Stefan Gordy will take the lead in the mediation, and the other Defendants will be looking to him to either resolve the matter or to continue to litigate. Kobalt, in its capacity as publisher, will also assist in resolving the various claims.

4. Stefan Gordy will have full settlement authority on behalf of both himself and Skyler Gordy, as well as on behalf of NU80s Music, LLC, LMFAO, LLC, and Foo & Blu, LLC, three companies owned by one or both of Stefan and Skyler Gordy through which they render their services to the entertainment industry. As such, Defendants respectfully request that Skyler Gordy, a resident of California, be permitted to participate telephonically in the mediation.

5. Defendants also respectfully request that KMA be permitted to appear telephonically. KMA's U.S. presence is also in California, where anyone with settlement authority for KMA would be domiciled. Moreover, as KMA is being directly indemnified by Kobalt (who is in turn being indemnified by the Gordy Defendants), KMA will not play a central role in the mediation.

6. David & Goliath has filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) [D.E. 78]. The Court has noticed a hearing on that Motion for the morning of February 27, the day after the scheduled mediation. As David & Goliath has not yet meaningfully participated in the case, as its Motion to Dismiss remains pending, and because David & Goliath is being indemnified by Kobalt, Defendants respectfully request that David & Goliath be excused from participating in the mediation. Alternatively, should the Court determine that David & Goliath's participation in the mediation is essential, David & Goliath respectfully requests that it be permitted to participate telephonically.

7.  Finally, the undersigned can advise that Plaintiffs have no objection to the appearance of David Jamahl Listenbee and The Listenbee, LLC *via* telephone given the procedural posture as to those two Defendants, who were only just served with process, and who have not yet responded to the Amended Complaint. Defendants respectfully request that the Court permit David Jamahl Listenbee and The Listenbee, LLC to participate telephonically in the Febraury 26 mediation.

8.  No party to this suit will be prejudiced by the granting of this Motion. On the other hand, the in-person attendance of the California resident Defendants – who would have to take three business days in order to participate in the mediation – is unduly burdensome for those Defendants. Defendants respectfully submit that telephonic participation by some of the Defendants will not negatively impact the mediation process.

WHEREFORE, the undersigned respectfully requests that this Court enter an order allowing Defendants Skyler Gordy, Kia Motors America, Inc., David Jamahl Listenbee, and the Listenbee, LLC, to appear telephonically at the mediation scheduled on February 26, 2015, to excuse Defendant David & Goliath, LLC from participating in the mediation (or alternatively to allow telephonic participation), and for such other and further relief as this Court deems just and proper.

### Certificate Pursuant to Local Rule 7.1(a)

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a), I have conferred in good faith with Karen Stetson, counsel for Plaintiffs, who has advised that Plaintiffs object to the relief sought herein, with the exception that Plaintiffs do *not* object to the telephonic appearance of Defendants David Jamahl Listenbee and The Listenbee, LLC, at the mediation.

Dated:  February 10, 2015

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc., Kia Motors America, Inc., David & Goliath, LLC, David Jamahl Listenbee, The Listenbee, LLC, Nu80s Music, LLC, LMFAO, LLC, Party Rock, LLC, and Foo & Blu, LLC*

333 S.E. 2nd Avenue
Miami, FL 33131
Tel: 305-579-0500; Fax: 305-579-0717

CASE NO.: 1:13-CV-24700-KMW

          By:  /s/ *VINCENT H. CHIEFFO*
                VINCENT H. CHIEFFO
                (Admitted *Pro Hac Vice*)
                chieffov@gtlaw.com

          By:  /s/ *BARRY L. ROTHBERG*
                BARRY L. ROTHBERG
                Florida Bar No. 0160873
                rothbergb@gtlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jonathan L. Gaines, Esq.
Karen Linda Stetson, Esq.
GrayRobinson
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: 305-416-6880; Fax: 305-461-6887
Email: jgaines@gray-robinson.com; karen.stetson@gray-robinson.com
*Counsel for Plaintiffs*

          By:  *s/Barry Rothberg*
                Barry L. Rothberg