**From:** Karen L. Stetson
**Sent:** Monday, February 09, 2015 04:00 PM
**To:** 'rothbergb@gtlaw.com' <rothbergb@gtlaw.com>; Jonathan L. Gaines
**Cc:** 'chieffov@gtlaw.com' <chieffov@gtlaw.com>; 'riveraal@gtlaw.com' <riveraal@gtlaw.com>; 'BoyajianN@gtlaw.com' <BoyajianN@gtlaw.com>
**Subject:** Re: Roberts v. Gordy Mediation


I don't think what you are proposing maximizes the chance for success and we only get one shot at this and then everyone will hunker down and incur a lot more fees and expense before it's over. Since Listenbee has not appeared of record, I am not insisting he appear in person but he is certainly invited. I don't think telephonic mediation allows the mediator to establish a relationship and effectively do his job and there are privacy concerns. Also your note mentions your Miami office (which probably does have working order telephones) but you had previously agreed that the mediation would take pace at my office. Are you changing your mind? As for Skyler, unless Stefan is agreeing to pay Skyler's share, he should be there to protect his own interests. And the proposal that neither Kia nor David and Goliath be there seems particularly inappropriate given that represents a large damages part of the case. I don't know why the resistance to mediation but I think the current proposal would likely sabotage the process.


**Karen L. Stetson | Shareholder**
**G R A Y | R O B I N S O N**

333 S.E. 2nd Avenue, Suite 3200 | Miami, Florida 33131
**T:** 305-416-6880 | **F:** 305-416-6887
E-mail | Website | Bio | vCard


**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** ROTHBERGB@gtlaw.com [mailto:ROTHBERGB@gtlaw.com]
**Sent:** Friday, February 06, 2015 06:22 PM
**To:** Karen L. Stetson; Jonathan L. Gaines
**Cc:** ChieffoV@gtlaw.com <ChieffoV@gtlaw.com>; riveraal@gtlaw.com <riveraal@gtlaw.com>; BoyajianN@gtlaw.com <BoyajianN@gtlaw.com>
**Subject:** Roberts v. Gordy Mediation

Karen,

We are writing to meet and confer regarding the attendance of the various Defendant representatives at the February 26, 2015, mediation in this case. I recently spoke with Ira Abrams to see what his experience has been as a mediator where parties have appeared telephonically and he has conducted successful mediations under those circumstances. His general practice is to have all parties, whether appearing telephonically or in person, participate in the initial joint mediation session described on page 2 of his in his Mediation Engagement Letter. Thereafter, his view is that those persons participating telephonically must be available by phone to participate in all party caucuses with him. Mr. Abrams indicated that he thought there would probably not be another joint session unless the Mediation did produce a settlement. We think that some participants participating by phone at the February 26th mediation will not adversely impact its possibility of success and our Miami office has excellent communications capacity that will make telephonic participation seamless.

As you know, none of our clients is located in Florida, and in fact, most are in California. Additionally, and as we have previously advised, Stefan and Skyler Gordy are obligated (directly and indirectly) to indemnify other Defendants in this action. Kobalt is also obligated to indemnify its licensee KMA as well as David & Goliath, KMA's agency. As a practical matter, Stefan will take the lead in the mediation, and the other Defendants will be looking to him to either resolve the matter or to continue to litigate. As the publisher, Kobalt's presence at the Mediation will assists this process. Accordingly, Defendants propose to participate in the mediation as follows -

Stefan will be present at the mediation, and will be acting on behalf of both himself and Skyler, as well as on behalf of NU80s Music, LLC; LMFAO, LLC; and Foo & Blu, LLC. Skyler can be available telephonically if need be but Stefan will be authorized to act on his behalf.

Kobalt will also be personally present to participate in the mediation.

It is our proposal to have a representative of Kia available by phone and participating in the Mediation in accordance with Mr. Abrams' past practice as described above. David Jamahl Listenbee and The Listenbee, LLC, were only served a few days ago, and their response to the Amended Complaint is not due until shortly before the Mediation. We understand that they are considering a Rule 12(b)(2) motion. We will propose to those Defendants that they also participate telephonically regardless of the state of the pleadings. As noted, everyone appearing telephonically can participate in the initial session with Ira Abrams and then be available thereafter on an as-needed basis.

As for David & Goliath, LLC, that entity is still not in the case, and we will not have a ruling from Court on the pending Motion to Dismiss for Lack of Personal Jurisdiction until after the mediation. In our view, D&G need not attend the mediation in any capacity.

We believe that the proposed procedure will avoid expense while not negatively impacting the Mediation process.

We are available to discuss this proposal with you. Of course if some of your clients wish to participate telephonically, we would be agreeable to that as well. If we cannot come to an agreement on telephonic participation for some of the parties, we will be filing an application to the Court to allow that procedure. Accordingly, we would like to know no later than close of business on Monday whether we need to file an appropriate motion with the Court.

Barry L. Rothberg
Shareholder
Greenberg Traurig, P.A. | 333 S.E. 2nd Avenue | Miami, FL 33131
Tel 305.579.0818 | Fax 305.579.0717
ROTHBERGB@gtlaw.com | www.gtlaw.com



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.