UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24700--WILLIAMS-SIMONTON

WILLIAM L. ROBERTS, II p/k/a
RICK ROSS and ANDREW HARR and
JERMAINE JACKSON collectively p/k/a
THE RUNNERS,

      Plaintiffs,

v.

STEFAN KENDAL GORDY and
SKYLER AUSTEN GORDY collectively p/k/a
LMFAO, KOBALT MUSIC PUBLISHING
AMERICA, INC., a Delaware corporation,
KIA MOTORS AMERICA, INC.,
a California corporation, DAVID & GOLIATH,
LLC, a Delaware limited liability company, DAVID
JAMAHL LISTENBEE p/k/a GOON ROCK,
LISTENBEE CORPORATION, a California corporation,
NU80s MUSIC, LLC, a California limited
liability company, LMFAO, LLC, a California limited
liability company, PARTY ROCK, LLC, a California
limited liability company, and FOO & BLU, LLC, a
California limited liability company,

      Defendants.

_____/

## **<u>SECOND AMENDED COMPLAINT</u>**

     Plaintiffs, WILLIAM L. ROBERTS, II p/k/a RICK ROSS ("ROSS") and

ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS

("THE RUNNERS"), by and through their undersigned counsel, sue Defendants

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a

LMFAO ("LMFAO"), KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware

corporation ("KOBALT"), KIA MOTORS AMERICA, INC., a California corporation

("KIA"), DAVID & GOLIATH, LLC, a Delaware limited liability company, DAVID

JAMAHL LISTENBEE p/k/a GOON ROCK, LISTENBEE CORPORATION, a

California corporation, NU80s MUSIC, LLC, a California limited liability company,

LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California

limited liability company, and FOO & BLU, LLC, a California limited liability company

and (collectively "Defendants") and allege:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) and

trademark infringement under the trademark laws of the United States (15 U.S.C. § 1051

*et seq.*).

2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.;* 15 U.S.C. §

1121, 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright and

trademark infringement).

3.     The Court has jurisdiction over Defendants pursuant to Florida Statutes §§

48.193(1)(b), 48.193(1)(f)(1) and 48.193(2), Florida's Long Arm Statute, as Defendants

have committed a tortious act within the State of Florida which has caused injury to

Plaintiffs within the State or, in the alternative, Defendants have caused injury to persons

or property within this State arising out of an act or omission by the Defendants outside

this State, or, in the alternative, Defendants have engaged in substantial and not isolated

activity in the State of Florida.  Moreover, Defendants have purposefully availed

themselves of the jurisdiction of this Court by transacting business in this District and the

State of Florida concerning the musical composition at issue.

4.      Venue is proper in this District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim involved in this action occurred in this District and pursuant to 28 U.S.C. § 1400 (copyright infringement) as Defendants are subject to personal jurisdiction.

### PARTIES

5.      Plaintiff WILLIAM L. ROBERTS, II p/k/a RICK ROSS ("ROSS") is a citizen and resident of Florida.  As detailed below, ROSS is a world-renowned hip-hop recording artist who, in 2006, co-wrote and recorded the very successful and well-known composition "*Hustlin'*" which prominently features the popular hook and catch-phrase "Everyday I'm hustlin' . . ."

6.      Plaintiff ANDREW HARR is a citizen and resident of Florida and is a co-writer of "*Hustlin.'*"

7.      Plaintiff JERMAINE JACKSON is a citizen and resident of Florida and is a co-writer of "*Hustlin.'*"

8.      Collectively, Plaintiffs HARR and JACKSON are music producers professionally known as "The Runners."  The Runners produced the recording of "*Hustlin'*" in Miami, Florida.

9.      Defendant STEFAN KENDAL GORDY p/k/a "Redfoo" is a citizen and resident of California.

10.     Defendant SKYLER AUSTEN GORDY p/k/a "Skyblu" is a citizen and resident of California.

11.     Collectively, Defendants STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY are professionally known as the musical group "LMFAO," who, as

detailed below, co-wrote and recorded the musical composition "*Party Rock Anthem*," which infringes upon "*Hustlin'*."

12.     Defendant KOBALT MUSIC PUBLISHING AMERICA, INC. ("KOBALT"), is a Delaware corporation with its principal place of business in New York.  KOBALT is a music publishing company which administers the commercial exploitation of the musical composition, "*Party Rock Anthem.*"

13.     Defendant KIA MOTORS AMERICA, INC. is a California corporation with its principal place of business in California, and is a subsidiary of KIA Motors Corporation.  KIA utilized Party Rock Anthem as part of a wildly popoular advertising campaign to sell it "Soul" vehicle.

14.     Defendant DAVID & GOLIATH, LLC, is a Delaware limited liability company.  David and Goliath is the advertising agency utilized by Kia Motors for purposes of an advertising campaign that prominently features *Party Rock Anthem*.

15.     Defendant DAVID & GOLIATH, LLC is subject to personal jurisdiction based upon, *inter alia*, the following activities:

a.     DAVID & GOLIATH, LLC conceived and produced the Kia Soul automobile commercial featuring the infringing song, *Party Rock Anthem,* that is the subject of Count II, and planned and implemented an integrated, national, multi-media ad campaign featuring the commercial.  As part of this campaign, DAVID & GOLIATH, LLC, produced specific versions of the commercial directed to and for viewing in the Tampa, Orlando and Miami, Florida markets.  DAVID & GOLIATH, LLC, distributed those specific versions for viewing in cinemas in those Florida markets, and those versions were displayed to members of the public in Florida, in December, 2011.

b.      Prior to producing the commercial, DAVID & GOLIATH, LLC was aware of a potential claim by Rick Ross concerning the infringement of *Hustlin'* by *Party Rock Anthem* but nevertheless proceeded with the use of *Hustlin'* without regard for Plaintiffs' rights.

c.      DAVID & GOLIATH, LLC has used the infringing commercial for its own solicitation purposes by obtaining a license to, *inter alia*, display the commercial on its own website, and has so displayed the infringing commercial.  Defendant's website, and the display of the infringing commercial thereon, is accessible in, and has been accessed in, Florida.

d.      DAVID & GOLIATH, LLC continued to display the infringing commercial for its own solicitation purposes on its website after being served with the Amended Complaint by the Florida Plaintiffs herein, which continuing display was accessible in, and has been accessed in, Florida.

16.      Defendant DAVID JAMAHL LISTENBEE, p/k/a GOON ROCK ("LISTENBEE") is a citizen and resident of California.  LISTENBEE is a co-writer and producer of "*Party Rock Anthem.*"  As part of the infringing activities which are the subject of this action, Listenbee has performed the infringing song at concerts in Florida on more than one occasion for personal gain and to help promote song sales.

17.      Defendant LISTENBEE CORPORATION is a California corporation owned and operated by LISTENBEE which furnishes the entertainment services of Listenbee, including his performances of *Party Rock Anthem* and which receives monies from the commercial exploitation of *Party Rock Anthem,* including for the performances of the song in Florida.

18.     Defendant NU80s MUSIC, LLC, is a California limited liability company owned or operated by one of more of the Defendants which receives monies from the commercial exploitation of *Party Rock Anthem*, including proceeds from the publishing of the composition.

19.     Defendant LMFAO, LLC, is a California limited liability company owned or operated by one of more of the Defendants, which receives monies from the commercial exploitation of *Party Rock Anthem*, including proceeds from live performances during tours by LMFAO.

20.     Defendant PARTY ROCK, LLC, is a California limited liability company owned or operated by one of more of the Defendants, which receives monies from the commercial exploitation of *Party Rock Anthem*, including proceeds from the sale of infringing merchandise bearing the phrase "Everyday I'm Shufflin'."

21.     Defendant FOO & BLU, LLC, is a California limited liability company owned or operated by one of more of the Defendants which receives monies from the commercial exploitation of *Party Rock Anthem*, including record royalties.

## GENERAL ALLEGATIONS

### Rick Ross and "*Hustlin'*"

22.     Plaintiff WILLIAM L. ROBERTS, II, professionally known as Rick Ross, is an international superstar and one of the most successful and prominent performers in rap and hip-hop music.

23.     Ross' debut album, *Port of Miami*, was released in August, 2006 and debuted at the top spot on the Billboard 200 album chart.  One of the tracks and the first

single on *Port of Miami* was *Hustlin'*.  "*Hustlin'*" has sold over 5,600,000 copies

becoming 5X platinum certified by the RIAA.  "*Hustlin'*" reached the No. 1 position on

the U.S. Billboard Hot Rap Tracks chart, the No. 1 position on the U.S. Billboard Pop

100 chart, and the No. 1 position on the U.S. Billboard Hot R&B/Hip-Hop Songs chart.

24.    "*Hustlin'*" achieved gold status from the RIAA and sold over one million

ringtone units (featuring the "Everyday I'm hustlin' . . ." phrase) <u>before</u> the physical

release of Ross' debut album.

25.    Additionally, Ross utilized the phrase "Everyday I'm Hustlin'" on T-shirts

for advertising and promotional purposes.

26.    Ross has released five additional highly successful studio albums, *Trilla*

(2008, debuting at No. 1 on the Billboard 200 album chart), *Deeper Than Rap* (2009,

debuting at No. 1 on the Billboard 200 album chart), *Teflon Don* (2010, debuting at No. 2

on the Billboard 200 album chart) *God Forgives, I Don't* (2012 debuting at No. 1 on the

Billboard 200 album chart) and *Mastermind* (2014 debuting at No. 1 on the Billboard 200

album chart).  He has been featured on the cover of numerous magazines, including *XXL*

and *Rolling Stone* and was named by MTV in 2012 as the Hottest MC In The Game, and

is the founder of the record label Maybach Music Group.

27.    Ross continues to be strongly associated with "*Hustlin'*" and the very

popular and highly recognizable hook/phrase "Everyday I'm hustlin' . . ."


**LMFAO**

28.    Defendant STEFAN KENDAL GORDY and Defendant SKYLER

AUSTEN GORDY are, at all material times, members of a musical duo known as

LMFAO, which was formed in 2006, and who released their first album in 2009. LMFAO's music has been characterized as, *inter alia*, electronic dance music and hip hop/rap house music.  Both members of LMFAO were heavily influenced by hip hop and rap during their musical careers.

## DEFENDANTS' INFRINGING ACTIVITIES

### "*Party Rock Anthem*"

29.     In 2010, Defendants STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY co-wrote and recorded, as LMFAO, the musical composition "*Party Rock Anthem*" which was released in early 2011, and which was also later featured on LMFAO's second album, *Sorry for Party Rocking,* released in 2011.  Defendant LISTENBEE co-wrote, recorded and produced "*Party Rock Anthem.*"

30.     "*Party Rock Anthem*" copies, interpolates the lyrics, underlying music and beat of "*Hustlin'*" and prominently features the highly recognizable "Everyday I'm hustlin' . . ." phrase by featuring at key points in "*Party Rock Anthem,*" the phrase "Everyday I'm shufflin' . . ."  "*Party Rock Anthem*" thus contains a qualitatively distinct, important and original portion of  "*Hustlin'.*"  The use of *Hustlin'* in "*Party Rock Anthem*" is readily apparent, despite the slight change from "Everyday I'm hustlin' . . ." to "Everyday I'm shufflin' . . ." and constitutes, *inter alia*, the creation of an unauthorized derivative work.

31.     "Everyday I'm shufflin' . . ." in "*Party Rock Anthem*" is performed in a manner to sound like "Everyday I'm hustlin' . . ." in "*Hustlin',*" is a prominent hook of "*Party Rock Anthem*" and is an obvious attempt to capitalize on the fame and success of *Hustlin'.*  The recording of *Hustlin'* was played and specifically copied during the

recording of *Party Rock Anthem* so as to imitate the sound of *Hustlin'* as closely as possible, and the "Everyday I'm shufflin' . . ." vocal portions, performed by Defendant STEFAN KENDAL GORDY, were electronically manipulated to sound like "Everyday I'm hustlin' . . ." in "*Hustlin'*."  The phrase is so important to the success of "*Party Rock Anthem,*" that LMFAO launched a highly successful clothing line, Party Rock Clothing, that features the phrase on T-shirts and other clothing items.

      32.    Upon its release in early 2011, *Party Rock Anthem* initially debuted on the Top 100 chart and then declined and dropped off the charts until after the release of the music video of *Party Rock Anthem* on March 8, 2011, following which *Party Rock Anthem* climbed to No 1, worldwide.  In addition to the prominent use of "Every Day I'm Shufflin'" in the song itself, the video further prominently highlights the phrase "Every Day I'm Shufflin," by, *inter alia,* featuring Defendant Stephan Gordy (Redfoo) wearing a T-shirt throughout the video bearing the phrase "Everyday I'm Shufflin'," by building to the delivery of the line "Everyday I'm Shufflin'" directly into the camera by the members of LMFAO immediately following a silent blackout preceding a dance break, by using the visual depiction of "Everyday I'm Shufflin" coupled with the audio of "Every Day I'm Shufflin" imitating *Hustlin'* as the tag line of the video.

      33.    Defendants knew or should have known that *Hustlin'* could not be used in a musical work by Defendants without a license therefor, as is customary in the industry, yet never sought a license or other permission.

      34.    Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, licensing marketing and/or distributing the musical composition and sound recording of  "*Party Rock Anthem.*"

Defendants' infringement amounts to the unlawful appropriation of the Copyrighted Material.

35.     "*Party Rock Anthem*" is LMFAO's greatest hit, selling more than 7.5 million copies in the United States as of January 2013, and over one million copies in the UK.  It reached number one on the *Billboard* Hot 100 and remained there for six straight weeks, and spent 68 weeks on the chart, the third most total weeks in Billboard Hot 100 history.  Worldwide, it was the third best-selling digital single of 2011 with sales of 9.7 million copies.

36.     "*Party Rock Anthem*" has also been extensively licensed by Defendants to various third parties for commercial and advertising purposes, including, *inter alia*, being licensed for use in numerous films, television programs, video games and advertisements for airlines, a television network and broadband services.

37.     Upon information and belief, Defendants have exploited the song "*Party Rock Anthem*" in this District, in the State of Florida, throughout the United States and throughout the world by reproducing, preparing derivative works, distributing, licensing, publically performing and otherwise exploiting "*Party Rock Anthem*": (i) on compact discs, vinyl LPs and other physical configurations of records; (ii) by licensing "*Party Rock Anthem*" to others for sale or license as conditional and permanent downloads and as ringtones and/or mastertones; (iii) by licensing for streaming on the internet; (iv) by synchronizing with video; (v) by playing on the radio; (vi) by broadcasting audio-visual works containing "*Party Rock Anthem*" on television and the internet; (vii) by performing the song publicly during live concerts; (viii) by selling merchandise bearing the infringing phrase; and (ix) licensing it to third parties for the foregoing purposes.

38.     The infringement is continuing, as "*Party Rock Anthem*" continues to be sold and licensed by Defendants for use in various configurations to this very day.

39.     Defendants were placed on notice of the infringement but have continued infringing.

40.     As a result of Defendants' acts, Plaintiffs have incurred and continue to incur significant damages.  Defendants' unauthorized exploitation of *Hustlin'* by the infringing work and any derivatives thereof, is in derogation of, and injurious to, Plaintiffs' rights as owners of the copyrights in and to *Hustlin',* all to Plaintiffs' substantial damage.

41.     Plaintiffs have engaged the undersigned counsel and agreed to pay counsel reasonable attorney's fees for all services rendered in this action.

42.     All conditions precedent to the bringing of this action have been satisfied, have occurred or have been waived.

**COUNT I**
**<u>COPYRIGHT INFRINGEMENT</u>**
**(Defendants Gordy, Gordy, Kobalt, Listenbee, Listenbee Corporation**
**NU80s Music, LLC, LMFAO, LLC, FOO & BLU, LLC)**

43.     Paragraphs 1 through 42 above are realleged as if fully set forth herein, and it is further alleged:

44.     Plaintiffs are, and at all relevant times have been, copyright owners under United States copyright law with respect to the musical composition entitled "*Hustlin'*" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights ("the Copyrighted Material").

45.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works.

46.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed Plaintiff's Copyrighted Material to the public.  Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of *Hustlin'*.  By copying, distributing, synchronizing, creating derivative works, licensing and exploiting "*Party Rock Anthem*," Defendants have infringed Plaintiffs' exclusive rights in the musical composition *Hustlin'*.  Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

47.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiffs.

48.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs.  Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities, whether or not collected and retained by them, as practical partners.

49.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits

attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law.  Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

50.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs request this Court to:

a.     preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work;

b.     require Defendants to pay, jointly and severally, maximum statutory damages for each infringement of the Copyrighted Material pursuant to 17 U.S.C. Section 504(c) or to pay Plaintiffs' actual damages and all profits attributable to the infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted by applicable law;

c.     require Defendants to pay, jointly and severally, Plaintiffs' full costs in this action;

d.      require Defendants to pay, jointly and severally, Plaintiffs' reasonable attorneys' fees incurred herein; and

e.      award such other relief as this Court deems just and proper.

**COUNT II**
**COPYRIGHT INFRINGEMENT**
**((Defendants Gordy, Gordy, Kobalt, KIA, David & Goliath, Listenbee, NU80s Music, LLC, LMFAO, LLC, FOO & BLU, LLC)**

51.     Paragraphs 1 through 42 above are realleged as if fully set forth herein, and it is further alleged:

52.     "*Party Rock Anthem*" has also been licensed by Defendants for commercial endorsement purposes to KIA Motors for use in widely-distributed video advertisements featuring hamsters driving the KIA "Soul" automobile, which advertisements use the highly recognizable hook phrase "Every day I'm shufflin' . . . ," underlying music and beat, as the prominently featured tag line of the advertising campaign.

53.     Plaintiffs are, and at all relevant times have been, the copyright owners under United States copyright law with respect to the musical composition entitled "*Hustlin'*" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights ("the Copyrighted Material").

54.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works.

55.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed Plaintiff's Copyrighted Material to the public.  Defendants have no license or any other form of permission to use, copy, reproduce, distribute or

create derivative works of *Hustlin'*.  By copying, distributing, synchronizing, creating

derivative works, licensing and exploiting "*Party Rock Anthem*," Defendants have

infringed Plaintiffs' exclusive rights in the musical composition *Hustlin'*.  Defendants'

actions constitute infringement of Plaintiffs' copyrights and exclusive rights under

copyright.

56.     Plaintiffs are informed and believe that the foregoing acts of infringement

have been willful and intentional, in utter disregard of and with indifference to the rights

of Plaintiffs.

57.     Defendants have profited substantially from their infringing activities,

have collected, and continue to collect, fees and royalties from the sale of the infringing

work or any derivatives thereof, and have retained a portion of those fees and royalties

without submitting any amount to Plaintiffs.  Defendants should be held jointly and

severally liable for all profits derived as the result of their infringing activities, whether or

not collected and retained by them, as practical partners.

58.     As a result of Defendants' willful infringement of Plaintiffs' copyrights

and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory

damages pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits

attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and

such other relief as is provided by law.  Plaintiffs are further entitled to their attorneys'

fees and full costs pursuant to 17 U.S.C. § 505.

59.     The conduct of Defendants is causing and, unless enjoined and restrained

by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot

fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.

Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs request this Court to:

a.      preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work;

b.      require Defendants to pay, jointly and severally, maximum statutory damages for each infringement of the Copyrighted Material pursuant to 17 U.S.C. Section 504(c) or to pay Plaintiffs' actual damages and all profits attributable to the infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted by applicable law;

c.      require Defendants to pay, jointly and severally, Plaintiffs' full costs in this action;

d.      require Defendants to pay, jointly and severally, Plaintiffs' reasonable attorneys' fees incurred herein; and

e.      award such other relief as this Court deems just and proper.

**COUNT III**
**COPYRIGHT INFRINGEMENT**
**(Defendants Gordy, Gordy and Party Rock, LLC)**

60.     Paragraphs 1 through 42 above are realleged as if fully set forth herein, and it is further alleged:

61.     Plaintiffs are, and at all relevant times have been, the copyright owners under United States copyright law with respect to the musical composition entitled "*Hustlin'*" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights ("the Copyrighted Material").

62.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works.  Defendants have infringed Plaintiff's copyright by marketing merchandise, including T-shirts, bearing the phrase "Everyday I'm Shufflin,'" which have been sold and distributed in interstate commerce in the United States, including via the internet through Defendants' website www.partyrockclothing.com.

63.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed Plaintiff's Copyrighted Material to the public.  Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of *Hustlin'*.  By copying, distributing, creating derivative works, licensing and exploiting "*Party Rock Anthem*," Defendants have infringed Plaintiffs' exclusive rights in the musical composition *Hustlin'*.  Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

64.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiffs.

65.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs.  Defendants should be held jointly and severally liable for all profits derived as the result of their infringing activities, whether collected and retained by Defendants or not, as practical partners.

66.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law.  Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

67.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs request this Court to:

a.     preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs'

rights under federal or state law in the Copyrighted Material, including without limitation, reproducing or distributing the infringing work;

b.     require Defendants to pay, jointly and severally, maximum statutory damages for each infringement of the Copyrighted Material pursuant to 17 U.S.C. Section 504(c) or to pay Plaintiffs' actual damages and all profits attributable to the infringement pursuant to 17 U.S.C. Section 504(b) and such further damages as permitted by applicable law;

c.     require Defendants to pay, jointly and severally, Plaintiffs' full costs in this action;

d.     require Defendants to pay, jointly and severally, Plaintiffs' reasonable attorneys' fees incurred herein; and

e.      award such other relief as this Court deems just and proper.

## COUNT IV
## <u>TRADEMARK INFRINGEMENT</u>
### (Defendants Gordy, Gordy and Party Rock, LLC)

68.     Paragraphs 1 through 42 above are realleged as if fully set forth herein, and it is further alleged:

69.     Plaintiff ROBERTS has acquired trademark rights in the phrase "Everyday I'm Hustlin'" and has utilized the phrase on T-shirts for promotional and advertising purposes in interstate commerce well before Defendants began using the confusingly similar phrase "Everyday I'm Shufflin'."

70.     Defendants have infringed Plaintiff's trademark by marketing merchandise, including T-shirts, bearing the phrase "Everyday I'm Shufflin,'" which have been sold and distributed in interstate commerce in the United States, including via

the internet through Defendants' website www.partyrockclothing.com.  Defendants have infringed Plaintiff's mark without permission or authority of Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

71.     Defendants' conduct and infringing activities have caused and are likely to cause confusion and mistake among the general public, and/or have deceived and are likely to deceive the general public into believing that Plaintiff is affiliated, connected, or associated with Defendants, and that Plaintiff licensed, sponsored, or approved of Defendants and its products and services, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

72.     Defendants' unauthorized use of Plaintiff's mark, as set forth above, violates the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendants' acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense.

74.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered monetary damages in an amount to be determined at trial.

75.     Plaintiff is entitled to damages and Defendants' profits, treble damages and attorney's fees pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1117.

76.     However, Plaintiff has no adequate remedy at law to compensate him fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's mark by Defendant, unless future unlawful acts and infringements of this kind are enjoined by this Court.

77.     This is an exceptional case under 15 U.S.C. § 1117.

WHEREFORE, Plaintiff requests this Court to:

     a.     preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from directly or indirectly infringing Plaintiffs' trademark rights, including without limitation, reproducing or distributing the infringing material;

     b.     award Plaintiffs damages in an amount to be determined at trial.

     c.     award Plaintiffs all of Defendants' profits from its trademark infringement,;

     d.     treble Plaintiff's recovery, pursuant to 15 U.S.C §1117, as a result of willful and intentional violations by Defendants;

     e.     require Defendants to pay, jointly and severally, Plaintiffs their costs, including attorney's fees and other expenses referred to herein in accordance with 15 U.S.C. § 1117; and

     f.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

GrayRobinson, P.A.
*Attorneys for Plaintiffs*
333 S.E. 2nd Avenue
Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

By:__/s/Karen L. Stetson_____
      Karen L. Stetson

Florida Bar No. 742937
Jonathan L. Gaines
Florida Bar No. 330361

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished CM/ECF system to: **BARRY LAWRENCE ROTHBERG, ESQ.,** Greenberg Traurig, 333 SE 2d Avenue, Suite 4400 Miami, FL 33131 and to **VINCENT H. CHIEFFO, ESQ.,** Greenberg Traurig LLC, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067 this 6th day of March, 2015.

By: /s/ Karen L. Stetson