UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-24700-CIV-WILLIAMS

WILLIAM L. ROBERTS, II, *et al.*,

    Plaintiffs,

vs.

STEFAN KENDAL GORDY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants Stefan Gordy, Skyler Gordy, and Party Rock, LLC's motion for partial summary judgment on Count III of the second amended complaint (DE 226), to which Plaintiffs filed a response in opposition (DE 243), and Defendants filed a reply (DE 260). This case involves a copyright dispute between Plaintiffs, members of the recording industry and the purported owners of the musical composition *Hustlin'*, and the Defendants, also members of the recording industry, who sell merchandise bearing the phrase "everyday I'm shufflin'," – a phrase from their hit song *Party Rock Anthem*.

Plaintiffs assert that they own[1] the copyright to the musical composition *Hustlin'*. (DE 158 ¶¶ 5, 61). The chorus of *Hustlin'* consists of the repeated refrain of the phrase "everyday I'm hustlin'" and the words "hustle" and "hustlin'". (Defendants' statement of

---

[1] For the purposes of this Order, the Court assumes, without deciding, that Plaintiffs are either the legal or beneficial owners of some portion of the copyright in the musical composition *Hustlin'*. However, ownership of the copyright in the musical composition (for which three registrations exist) is a serious, unresolved issue and the subject of two other motions for summary judgment.

1

undisputed facts ("Def. SUF"), DE 226-1 ¶ 4).[2]  Plaintiffs contend that they have copyright interests in the three-word phrase "everyday I'm hustlin'," standing alone and divorced from the musical composition Hustlin', and that the sale of merchandise featuring the words "everyday I'm shufflin'" infringes on their copyright in the musical composition *Hustlin'*.[3]  (Def. SUF ¶ 12; DE 158 ¶ 62).  Following the release of the musical composition *Party Rock Anthem* in 2011, Defendants launched a highly successful clothing line that features T-shirts and other merchandise bearing the phrase "everyday I'm shufflin'." (Def. SUF ¶ 15).

In moving for summary judgment, Defendants are clear that they are "not asking the Court to find that 'everyday I'm hustlin'" with its melody, is not copyrightable as it is used the context of the disputed works [*Party Rock Anthem*], music videos, [and] performances but rather, that the simple slogan 'everyday I'm hustlin',' totally divorced of all of the musical components of the *Hustlin'* composition, is not copyrightable." (DE 226 at 7).  Therefore, the Court addresses the motion within these narrow and limited confines.

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[2] Unless otherwise noted, facts from Defendants' statement of material facts (DE 62) are not materially disputed.

[3] Although Plaintiffs initially asserted that the sale of the merchandise also constituted trademark infringement, they subsequently voluntarily dismissed that claim with prejudice.  The Court notes that Defendants previously presented records from the U.S. Patent and Trademark Office and the California Secretary of State demonstrating that "Hustlin'" has been trademarked for use on clothing by a person other than Plaintiffs – documents the Court took judicial notice of. (*See* DE 57-1 at 22-23; DE 57-1 at 31-32; DE 57-1 at 34; DE 143).

law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The moving party bears the initial burden of establishing the nonexistence of a triable fact issue." *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). If the movant establishes the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings and by her own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(c)). Thus, "[i]f the non-movant . . . fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's

task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II. DISCUSSION

To prevail on a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994). The plaintiff can prove copying through direct or indirect evidence. *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1248 (11th Cir. 1999). Because direct evidence of copying is rarely available, a plaintiff may show copying by demonstrating that: (1) the Defendant had access to the work in question; and (2) the works are substantially similar. *Id.*

Regardless of whether copying is proved by direct or indirect evidence, "the plaintiff also must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work with regard to its protected elements." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1214 (11th Cir. 2000); *Lifetime Homes, Inc. v. Walker Homes, Inc.*, 485 F. Supp. 2d 1314, 1320 (M.D. Fla. 2007) *aff'd*, 270 F. App'x 811 (11th Cir. 2008). In order to establish substantial similarity, Plaintiffs must satisfy: (1) an extrinsic, objective test, and (2) an intrinsic, subjective test. *See Herzog*, 193 F.3d at 1257.

"Under the extrinsic test, a court will inquire into whether, as an objective matter, the works are substantially similar in protected expression." *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 877 (11th Cir. 2007). As part of the extrinsic test, the Court determines whether Plaintiffs seek to protect uncopyrightable elements; if so, the Court will grant summary judgment for the defendants. *Id.* With respect to the intrinsic test, the Court determines whether, upon proper instruction, a reasonable jury could find that

the two works are substantially similar. *Id.* To show substantial similarity, the plaintiff must establish that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." The ultimate question is "whether a reasonable jury could find the [two works] substantially similar at the level of protected expression." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 n.5 (11th Cir. 2008).

Copyright protection does not automatically extend to every component of a copyrighted work. *See Lil' Joe Wein*, 245 F. App'x at 877 (finding that although musical composition was entitled to copyright protection as a work, not every element, such as the lyric "Go ____, it's your birthday" were protectable). Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991); *see also Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 547-48 ("Copyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original . . . as long as such use does not unfairly appropriate the author's original contributions."). "Original," as the term is used in copyright, means that the work is original to the author, *i.e.*, that it was independently created by him as opposed to copied from other works, and that it possesses some minimal degree of creativity. *Feist*, 499 U.S. at 345.

"Words and short phrases" are not copyrightable. 37 C.F.R. § 202.1(a). The overwhelming authority is that short phrases or common or ordinary words are not copyrightable. For example, in *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 25-30 (D.D.C. 2010), the Court found that the phrases "fire in the hole," "so high,"

5

"get it poppin'", "wish a muthafugga would," "just running their mouths," "shoot to kill," "I'm a maniac," and "that's what's up," which were contained in the plaintiff's musical compositions, were simple, short, common phrases not subject to copyright protection. Likewise, in *Takeall v. Pepsico, Inc.*, 14 F.3d 596 (4th Cir. 1993), No. 93-1237, 1993 WL 509876, at *8 (4th Cir. Dec. 8, 1993), the Fourth Circuit found that the phrase "You Got the Right One, Uh-Huh" "fail[ed] to evince the requisite degree of originality to entitle it to copyright protection and is a short expression of the sort that courts have uniformly held uncopyrightable." *See also Chapman v. Universal Motown Records Grp.*, No. 08 CIV. 3255 (LAP), 2010 WL 517480, at *4 (S.D.N.Y. Feb. 4, 2010) (phrase "lean back" in musical composition was not subject to copyright).

Other courts considering similar phrases and guided by Section 202.1 of the Code of Federal Regulations, have reached the same conclusion – short, ordinary words, phrases, or slogans, are not entitled to copyright protection. *See, e.g., Edwards v. Raymond*, 22 F. Supp. 3d 293, 298-99 (S.D.N.Y. 2014) (the phrase "caught up" which was the title of plaintiffs' song "is not eligible copyright protection" because it was a common phrase and because it was not original to the plaintiffs but rather "used in everyday speech in a variety of contexts"); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) (phrase "holla back" in musical composition was a common phrase not subject to copyright protection); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) (finding that the phrase "most personal sort of deodorant" was not copyrightable because it was "merely a 'short phrase or expression' which hardly qualifies as an 'appreciable amount of original text.'") (quoting *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959)); *Narell v. Freeman*, 872 F.2d

907, 911 (9th Cir. 1989) (affirming summary judgment because "ordinary phrases" such as "crawling with alligators" and "cow path" are "not entitled to copyright protection."); *Syrus v. Bennett*, 455 F. App'x 806, 809 (10th Cir. 2011) (phrases "Go Thunder" and "Let's Go Thunder" were not entitled to copyright protection, even though they appeared in plaintiff's original composition, because they were ordinary phrases); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) ("[A] cliche or an 'ordinary' word-combination by itself will frequently fail to demonstrate even the minimum level of creativity necessary for copyright protection.").

This is not to say that a work that does include "ordinary" phrases is not entitled to copyright protection. As the Second Circuit succinctly explained:

> Copyright protection is available for the association, presentation, and combination of the ideas and thought which go to make up the [author's] literary composition. Or as we have recently stated, "What is protected is the manner of expression, the author's analysis or interpretation of events, the way he structures his material and marshals his facts, his choice of words and the emphasis he gives to particular developments." The "ordinary" phrase may enjoy no protection as such, but its use in a sequence of expressive words does not cause the entire passage to lose protection. And though the "ordinary" phrase may be quoted without fear of infringement, a copier may not quote or paraphrase the sequence of creative expression that includes such a phrase.

*Salinger*, 811 F.2d at 98 (internal citations omitted); *see also Peter Letterese And Assocs., Inc. v. World Inst. Of Scientology Enter.*, 533 F.3d 1287, 1306 (11th Cir. 2008) (the inclusion of uncopyrightable short phrases "does not thereby cause the passage in which they are used to lose protection of its copyrightable elements—the original sequence of thoughts, choice of words, emphasis, and arrangement.").

It is indisputable that the musical composition *Hustlin'* is an original, creative work subject to copyright protection. Nor can it be disputed that the lyrics of *Hustlin'*, in their entirety, separate and apart from the music, are subject to copyright protection. *See, e.g., Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 527 (9th Cir. 2008) (finding song lyrics, in their entirety, were subject to copyright protection and infringement occurred when lyrics were replicated verbatim, in their entirety, on karaoke machines); *Stratchborneo v. Arc Music Corp.*, 357 F. Supp. 1393, 1405 (S.D.N.Y. 1973) ("[W]ords and music have been integrated in a single work, the copyright of such work as a musical composition will protect against unauthorized use of the words or lyrics alone, as well as against unauthorized use of the music alone or of a combination of music and words."). The question presented, however, is not whether the lyrics of *Hustlin'*, as arranged in their entirety, are subject to copyright protection. The question is whether the use of a three-word phrase appearing in the musical composition, divorced from the accompanying music, modified, and subsequently printed on merchandise, constitutes an infringement of the musical composition *Hustlin'*. The answer, quite simply, is that it does not.

As set forth above, the phrase "everyday I'm hustlin'" divorced from the musical composition *Hustlin'*, like the phrases "you got the right one, uh-huh," "holla back," "we get it poppin'," and "caught up" is "a short expression of the sort that courts have uniformly held uncopyrightable." *See Takeall*, 1993 WL 509876, at *8; *Salinger*, 811 F.2d at 98 ("[A]n 'ordinary' word-combination by itself will frequently fail to demonstrate even the minimum level of creativity necessary for copyright protection."); *O'Brien v. Chappel & Co.*, 159 F. Supp. 58, 59 (S.D.N.Y. 1958) ("It is well established that

8

copyright or literary rights do not extend to words or phrases isolated from their context.").

Moreover, Defendants have set forth unrebutted evidence that the terms "hustling" or "hustlin'" have been used in numerous songs prior to Plaintiff's creation of *Hustlin'* and that at least one song pre-dating *Hustlin'* has the exact lyric "everyday I'm hustlin'" in it. (*See* DE 226 at 4-5; Def. SUF. ¶ 18; DE 226-3 ¶¶ 6-11). Specifically, Dr. Munro states that several songs released prior to *Hustlin'* contain lyrics such as "We hustlin' every God damned day," "I'm hustlin'," "I'm livin' everyday like a hustle", and "Every day I'm hustlin', every night I'm hustlin'". (*See* Expert Report or Dr. Pamela Munro, DE 226-3 at 66-67 ¶ 12). Likewise, Dr. Munro's report identifies at least seven songs, released prior to *Hustlin'*, share the title "Hustlin'". (*Id.*). Such reports are appropriate considered by the Court in evaluating the extrinsic test for substantial similarity. *See Lil' Joe Wein Music*, 245 F. App'x at 877, 879 (considering defendants evidence regarding the use of the phrase prior to plaintiff's use and concluding that "the disputed phrase is unprotect[a]ble because it uses a common musical and lyrical phrase that has been use in other prior works."); *see also Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (phrase that enjoyed robust existence in public domain prior to plaintiff's use in a song title and lyrics was not entitled to copyright protection); *Boone*, 206 F. App'x at 33 (affirming district court's finding that "holla back" was not protectable and discussing undisputed evidence submitted by defendants that thirty songs had used "holla back" around the same time as plaintiff's song).

Courts regularly – without expert assistance – determine that specific short phrases made up of common and ordinary terms are not entitled to copyright protection.

9

*See Chapman*, No. 08 CIV. 3255 (LAP), 2010 WL 517480, at *4 (phrase "lean back" in musical composition was not subject to copyright); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-CV-00970-PAB-KMT, 2014 WL 321069, at *3 (D. Colo. Jan. 29, 2014) (phrase "unsurpassed performance" standing alone, was not entitled to copyright protection); *Moody v. Morris*, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009) *aff'd*, 407 F. App'x 434 (Fed. Cir. 2011) (finding that the trademarked phrase "Where Words Come Alive" was not entitled to copyright protection because "it is axiomatic that words, short phrases, titles, and slogans are not subject to copyright, even if they can be trademarked."); *Davis v. Walt Disney Co.*, 393 F. Supp. 2d 839, 847 (D. Minn.) *aff'd*, 430 F.3d 901 (8th Cir. 2005) (the term "Earth Protector" was not copyrightable); *Reece v. Marc Ecko Unltd.*, No. 10 CIV. 02901 JSR DF, 2011 WL 4112071, at *9 (S.D.N.Y. Aug. 19, 2011) *report and recommendation adopted*, No. 10 CIV. 02901 JSR, 2011 WL 4069637 (S.D.N.Y. Sept. 9, 2011) (finding that "'Dipism' is as much an unprotectible word (even if it is not a word found in the dictionary) as 'Dip'" and that although the words 'dip' and 'dipism' are not themselves protectable, the plaintiff's artwork, containing those words, was).

Moreover, Plaintiffs do not assert that the phrase "everyday I'm hustlin'" originated with them. (*See generally* DE 243). In *Lil' Joe Wein*, the Eleventh Circuit, in concluding that the phrase was a common, unoriginal, and noncopyrightable element of the composition, considered the fact that the plaintiff had failed to offer any evidence to suggest that the phrase "Go ____, it's your birthday" was original to his composition. *Lil' Joe Wein*, 245 F. App'x at 879-880 (distinguishing from a case where the plaintiff affirmatively asserted he was "the creator of a common hip-hop chant"); *see also*

10

*Prunte*, 699 F. Supp. 2d at 27 (noting that Plaintiff did not contend that the phrase "get it poppin'" originated with him and finding that "get it poppin'" is not protectable by copyright); *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 292-93 (D. Conn. 2010) (finding the term "frontin'" was a non-protectable element of plaintiffs' song because evidence was presented showing term was used in hip-hop prior to plaintiffs' use and plaintiffs did not present evidence that their use of the term "frontin'" was original).[4]

Even if the phrase "everyday I'm hustlin'" were copyrightable, Plaintiffs still fail the intrinsic test. The average lay observer would not confuse t-shirts bearing the phrase "everyday I'm shufflin'" with the musical composition *Hustlin'* nor, without reference to *Party Rock Anthem* and *Hustlin'*, would an average lay observer recognize the merchandise as having been appropriated from *Hustlin'*. See *Lil' Joe Wein*, 245 F.

---

[4] Plaintiffs assert that defendants have failed to provide sufficient evidence of prior usage, contending: "Defendants have not presented any other prior usage of the phrase. See, e.g., *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 604 (S.D.N.Y. 2013) (issue is not whether "say what" is a common phrase now but whether it was a common phrase at the time of the recording)." (DE 243 at 2). Notwithstanding that "e.g." is appropriate when numerous authorities support the proffered proposition and Plaintiffs have offered no such other authorities, *TufAmerica, Inc. v. Diamond* is inapposite. First, that court explicitly stated that the issue of whether "say what" was a common phrase subject to copyright protection should not be resolved on a motion to dismiss, which was before that court, but rather at a later stage in the proceeding where evidence regarding its usage could be presented. Second, the court in *TufAmerica*, was addressing the phrase "say what" in the context of licensed music sampling, not, as the Court does here, in the context of copyright separate and apart from the music and the sound recording. Additionally, Plaintiffs argue that because Dr. Ferrara conducted a prior art search in three other cases not before the Court, but did not do so here, some adverse inference should be drawn. (*See* DE 243 at 2). This argument is unavailing. Dr. Munro presented unrebutted evidence of prior usage of "hustlin'" "hustling" and "everyday I'm hustlin'". To the extent that Plaintiffs contend Mr. Ricigliano's report (DE 226-3 at 86-89) creates a genuine issue of material fact on this point, it does not. Mr. Ricigliano does not dispute that songs identified exist and contain the lyrics identified by Dr. Munro. Rather, Mr. Ricigliano attempts to distinguish those songs on the basis that they are melodically different. Mr. Ricigliano contends that Dr. Munro's report avoids or ignores the combination of lyric, melodic (pitch/rhythm) and instrumental similarities between *Hustlin* and *Party Rock Anthem*. (*Id.*). But that is not the question before the Court. As explained *supra*, the Court is not concerned with the two musical compositions, but with whether merchandise bearing the phrase "everyday I'm shufflin'" can constitute an infringement on the musical composition *Hustlin'*. It cannot.

11

App'x at 880. Notably, nowhere do Plaintiffs address substantial similarity in their briefing. Indeed, Plaintiffs' briefing makes clear that their argument regarding the merchandise is predicated entirely on their position that the musical composition *Party Rock Anthem* infringes on the musical composition *Hustlin'*. (*See* DE 243 at 6 ["It is the commercial success of the infringing song, PRA, that allows LMFAO to market t-shirts with 'everyday I'm shufflin'' on them at all, specifically based on the line taken from *Hustlin'*"]). But the question before the Court is not whether the t-shirts can be traced to *Party Rock Anthem*, but whether they, standing alone, constitute an infringement on the copyright to the musical composition *Hustlin'*.[5] No reasonable jury, properly instructed, could conclude that the musical composition *Hustlin'* and the Defendants' t-shirts and merchandise are substantially similar.

Moreover, Plaintiffs have not put forward, nor has the Court been able to find, any statutory basis or precedent supporting the conclusion that a short, modified, set of words, such as "everyday I'm shufflin'" printed on merchandise can infringe on the copyright for a musical composition which features the phrase "everyday I'm hustlin'." Indeed, another court, considering lyrics from a copyrighted song reproduced verbatim on a class ring, persuasively rejected the proposition that a musical composition copyright holder's rights extend as far as Plaintiff's argue here:

> Plaintiff in essence contends that none of its lyrics may appear in commercial settings without its permission, regardless of the content of those lyrics. But if I were to accept plaintiff's position, every unoriginal phrase, once used in a musical composition would allow the copyright holder a

---

[5] The Court does not determine whether or not the sale of such merchandise might be properly considered in a damages calculation if Plaintiffs prevail on their copyright infringement claims relating to the musical composition *Party Rock Anthem*.

> monopoly over the cliché's use regardless of the context in which it is used in the song or in the allegedly infringing material. [Plaintiff's] copyright [in a musical composition] does not grant it such an expansive monopoly over material in the public domain.

*Acuff-Rose Music, Inc. v. Jostens, Inc.*, 988 F. Supp. 289, 295 (S.D.N.Y. 1997) *aff'd*, 155 F.3d 140 (2d Cir. 1998); *see also O'Brien*, 159 F. Supp. at 59 ("The plaintiff apparently thinks that he can get sole rights to the use of the phrase 'night and noon' no matter in what context the phrase is used. Such a common phrase in and of itself is not susceptible of copyright nor of appropriation by any individual."). Consequently, the Court finds that the phrase "everyday I'm shufflin'," printed on t-shirts, standing alone, and divorced from any musical composition, does not constitute an infringement on the musical composition *Hustlin'*.[6]

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion for partial summary judgment on Count III (DE 226) is **GRANTED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 15 day of September, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[6] As Mr. John Lennon observed: "Everybody's hustlin' for a buck and a dime . . . All I can tell you is it's all show biz." *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 505 (2d Cir. 1977) (quoting J. Lennon, "Nobody Loves You (When You're Down and Out)" (1973), recorded on the album "Walls and Bridges.").