**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-24700-CIV-WILLIAMS-SIMONTON**

WILLIAM L. ROBERTS, II p/k/a RICK ROSS and ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS,

Plaintiffs,

v.

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation, KIA MOTORS AMERICA, INC., a California corporation, DAVID & GOLIATH, LLC, a Delaware limited liability company, DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, NU80s MUSIC, LLC, a California limited liability company, LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California limited liability company, FOO & BLU, LLC, a California limited liability company,

Defendants.

**DEFENDANTS' *MOTION IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT THAT LICENSE FEE PAID FOR USE OF *PARTY ROCK ANTHEM* IN THE SHARE SOME SOUL COMMERCIAL WAS TOO LOW OR BELOW MARKET AND INCORPORATED MEMORANDUM**

Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc., Kia Motors America, Inc. ("KMA"), David & Goliath, LLC ("DnG"), David Jamahl Listenbee p/k/a/ Goonrock, Nu80s Music, LLC, LMFAO, LLC, Party Rock, LLC, and Foo & Blu, LLC (collectively, "Defendants") respectfully submit this *Motion in Limine* to prohibit Plaintiffs from offering evidence or argument at trial suggesting that the license fee paid by KMA for the use of *Party Rock Anthem* ("*PRA*") in the Share Some Soul Commercial was too low or below market.

## I.   INTRODUCTION

Plaintiffs claim that the Defendant owners of *PRA* should have made more money exploiting *PRA* in order to enhance Plaintiffs' own alleged damages. Such a claim is untenable.

Under Eleventh Circuit law Plaintiffs are only allowed to recover one award of actual damages for each alleged infringement of *Hustlin'*, plus any of Defendants' profits attributable to the alleged infringement. 17 U.S.C. § 504(b). Here, Plaintiffs are seeking both (1) the hypothetical license the owners of *PRA* allegedly should have paid to license *Hustlin'* (not the subject of this motion), and (2) the amount of the license fee Plaintiffs claim KMA should have paid to use *PRA* in a commercial (the subject of this motion). In addition to being an impermissible double recovery, the amount KMA purportedly should have paid is also irrelevant because it is not a cognizable damages theory—it is neither actual damages nor Defendants' profits. Further, this supposed amount in no way informs how or the extent to which Plaintiffs were allegedly damaged by the amount KMA did pay to use *PRA* in its arm-length negotiation, or how much Defendants actually profited from exploiting *PRA*. Any evidence with respect to this amount is therefore irrelevant because it is a theory of damages that could not be presented to the jury, and would only serve to confuse the jury.[1]

## II.   ARGUMENT

**A.   Legal Standard.**

"The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." *City of Tuscaloosa v. Hacros Chems., Inc*., 158 F.3d 548, 556 (11th Cir. 1998)

---

[1] For many of the same reasons, Defendants have sought to exclude the testimony of Plaintiffs' expert Owen J. Sloane, who has rendered an opinion regarding the amount of the license fee KMA supposedly should have paid. *See* Dkt. 281. With this motion, Defendants seek to preclude not only Sloane's testimony on the topic, but all testimony and evidence.

1

(quoting *Walter v. NationsBank of Fla N.A.*, 53 F.3d 1546, 1554 (11th Cir. 1995)). The Court's discretionary decision regarding whether to grant a pretrial *motion in limine* is reviewed under the same abuse of discretion standard. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F. 3d 1307, 1324 (11th Cir. 2010).

Federal Rule of Evidence 401 defines "relevant" evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, the court may exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**B.**   **The Amount That Plaintiffs Claim KMA Should Have Paid To License *PRA* Is Irrelevant: That Supposed Amount Is Not A Cognizable Damages Recovery.**

Under 17 U.S.C. § 504(b) a copyright owner is entitled to recover the "actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Plaintiffs' claim for damages in the amount KMA should have paid to license *PRA* does not fall under either of these two categories of permissible damages.

It is not actual damages, which would include the hypothetical license that the creators of *PRA* would have paid to license *Hustlin'*. And it is not Defendants' profits because Defendants' never earned the additional revenue that Plaintiffs claim they should have. It is impermissible double-dipping and is unsupported by any law. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278-79 (11th Cir. 2008) (discussing the Eleventh Circuit's "one-satisfaction rule" for copyright infringement claims). There is one work at issue: *PRA* (and Plaintiffs have not even claimed that the entirety of *PRA* is infringing – rather, they only claim that discrete portions of the song are infringing). *PRA* is or is not infringing and if the latter, it is infringing whether licensed for use in the commercial, or in the *PRA* sound recording, or in any other audio or visual work. Plaintiffs cannot claim (and have not claimed) that they are entitled to a portion of the license fee paid for every work in which *PRA* was subsequently licensed, or to challenge that the fee paid for those licenses was too low. Nor could they.

2

Because the evidence is irrelevant to the jury's consideration of any damages calculation, introducing evidence, testimony, or argument on the issue would only serve to confuse and mislead the jury and unduly prejudice Defendants.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order prohibiting Plaintiffs from offering evidence or argument at trial suggesting that the license fee paid by KMA for the use of *PRA* in the Share Some Soul Commercial was too low or below market.

### Certification

Pursuant to S.D. Fla. L.R. 7.1(a)(3) counsel for Defendants conferred with Plaintiffs' counsel regarding this motion. Plaintiffs' counsel advised that she opposes the relief sought by this motion.

Dated:  September 16, 2015

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc., Kia Motors America, Inc., Nu80s Music, LLC, LMFAO, LLC, Party Rock, LLC, Foo & Blu, LLC, David & Goliath, LLC, and David Jamahl Listenbee p/k/a GoonRock*

333 Avenue of the Americas
Miami, FL 33131
Tel: 305-579-0500; Fax: 305-579-0717

By:  /s/ BARRY L. ROTHBERG
         BARRY L. ROTHBERG
Florida Bar No. 0160873
rothbergb@gtlaw.com

By:  /s/ VINCENT H. CHIEFFO
         VINCENT H. CHIEFFO
(Admitted *Pro Hac Vice*)
chieffov@gtlaw.com

By:  /s/ NINA D. BOYAJIAN
         NINA D. BOYAJIAN
(Admitted *Pro Hac Vice*)
boyajiann@gtlaw.com

3

LA132285788

<div align="right">CASE NO.: 1:13-CV-24700-KMW</div>

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jonathan L. Gaines, Esq.
Karen L. Stetson, Esq.
Gray Robinson
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: 305-416-6880; Fax: 305-461-6887
Email: jgaines@gray-robinson.com; karen.stetson@gray-robinson.com
Counsel for Plaintiffs

                                           By:   *s/Barry L. Rothberg*
                                                        Barry L. Rothberg

LA132285788