**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-24700-CIV-WILLIAMS-SIMONTON**

WILLIAM L. ROBERTS, II p/k/a RICK ROSS and ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS,

Plaintiffs,

v.

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation, KIA MOTORS AMERICA, INC., a California corporation, DAVID & GOLIATH, LLC, a Delaware limited liability company, DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, NU80s MUSIC, LLC, a California limited liability company, LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California limited liability company, FOO & BLU, LLC, a California limited liability company,

Defendants.

**DEFENDANTS' *MOTION IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING THE SUGGESTION THAT KIA MOTORS AMERICA, INC.'S LICENSE FOR *PARTY ROCK ANTHEM* REFERENCE "RICK ROSS" IN THE INDEMNIFICATION PROVISION AND INCORPORATED MEMORANDUM**

Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc. ("Kobalt"), Kia Motors America, Inc. ("KMA"), David & Goliath, LLC ("DnG"), David Jamahl Listenbee p/k/a/ Goonrock, Nu80s Music, LLC, LMFAO, LLC, Party Rock, LLC, and Foo & Blu, LLC (collectively, "Defendants") respectfully submit this *Motion in Limine* to prohibit Plaintiffs from offering evidence, testimony, or argument regarding DnG's suggestion that KMA's license for *Party Rock Anthem* ("*PRA*") reference "Rick Ross" in the indemnification provision, and the parties' (DnG, Kobalt, and Universal Music Group, Inc. ("UMG")) decision to not include a reference to "Rick Ross" in the indemnification provision.

## I. <u>INTRODUCTION AND RELEVANT FACTUAL BACKGROUND</u>

Over the course of DnG's negotiations on behalf of KMA to secure a license for the use of *PRA* in the Share Some Soul commercial, DnG suggested indemnification language that specifically indemnified KMA for any violations of the rights of any third-party "including, without limitation, Rick Ross." Dkt. 84-7, Ex. G at 7; Declaration of Nina D. Boyajian ("Boyajian Decl."), Ex. 1 at 52-53 (Deposition of Carol Lombard Seelig (Nov. 20, 2014). The parties to the license agreements, including UMG – which is the record company for both Plaintiff Roberts and LMFAO – also ultimately determined that the indemnification clause in KMA's license was broad enough to include all potential third-party claims against KMA without reference to specific individuals. Boyajian Decl., Ex. 1 at 54-55; Dkt. 281-7 ¶ 4, at 7; Dkt. 281-8 ¶ 4, at 4. Plaintiffs contend that this reference to "Rick Ross" in DnG's negotiations, which DnG has described as its "due diligence," is evidence that DnG willfully infringed *Hustlin'* by using *PRA* in the Share Some Soul commercial. *See* Dkt. 84 at 9-10.

DnG's suggested indemnification language identifying "Rick Ross," and the parties' decision not to use it, is not relevant to Plaintiffs' prima facie case, and any probative value that such evidence may have is substantially outweighed by its prejudicial effect. Defendants' motive, intent, or states of mind are not elements of Plaintiffs' prima facie claims for copyright infringement. Therefore, even if DnG's suggested language, and the parties' decision not to use it, were indicative of a particular state of mind regarding *PRA* and *Hustlin'*, such evidence is not relevant to Plaintiffs' claims. Rather, such evidence is likely to confuse the jury regarding applicable copyright law, and should, therefore, be excluded. Further, even if willfulness becomes relevant if Plaintiffs establish liability against DnG or Kobalt, admitting evidence of DnG's suggested language, and the parties' decision not to use it, will unnecessarily delay the

proceedings and confuse the issues. Educating the jury regarding DnG's suggested language and whether it is indicative of DnG's or Kobalt's states of mind would require lengthy testimony regarding industry practice for synchronization licenses and the scope of the final indemnification provision—evidence that is not relevant to any other potential issue at trial. The jury should not be required to sift through extensive corollary evidence for the sole purpose of assessing the weight it should attach to DnG's suggestion, especially because DnG's proposed language, and the parties' decision not to use it, is, at best, circumstantial evidence of intent.

Therefore, evidence, testimony, and argument regarding DnG's suggested indemnification language referencing "Rick Ross," and the parties' decision not to use it, should be entirely excluded at trial.

## II. ARGUMENT

### A. Legal Standard.

"'The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion.'" *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 556 (11th Cir. 1998) (quoting *Walter v. NationsBank of Fla N.A.*, 53 F.3d 1546, 1554 (11th Cir. 1995)). The Court's discretionary decision regarding whether to grant a pretrial motion in limine is reviewed under the same abuse of discretion standard. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F. 3d 1307, 1324 (11th Cir. 2010).

Federal Rule of Evidence 401 defines "relevant" evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, the court may exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. The Parties' Decision Regarding Indemnification Language Is Not Relevant.

Plaintiffs must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original" to prevail on their claims of copyright infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). "[S]cienter . . . is not an element of an infringement claim, on the part of the defendant." *Crow v. Wainwright*, 720 F.2d 1224, 1226-27

(11th Cir. 1983); *see also Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1559 (M.D. Fla. 1993) ("Intent or knowledge is not an element of infringement . . . .") *superseded by statute on other grounds*, *ALS Scan, Inc. v. RemarQ Cmtys., Inc.*, 239 F.3d 619 (4th Cir. 2001). Accordingly, even if DnG's mention of "Rick Ross" in indemnification language were evidence of a belief that *PRA* infringes *Hustlin'* (which it is not, *see* Boyajian Decl., Ex. 1), such evidence is not relevant to establish liability against DnG or any other Defendant. DnG's suggested indemnification language referencing "Rick Ross" and the parties' ultimate decision not to use it should, therefore, be excluded under Rule 402.

**C. <u>Evidence, Testimony, And Argument Regarding The Parties' Chosen Indemnification Language Is Prejudicial.</u>**

DnG's suggestion of indemnification language referencing "Rick Ross" during negotiations with Kobalt and UMG should also be excluded under Rule 403 because any probative value of such evidence is outweighed by its prejudicial effect.

**1. The Suggested Indemnification Language Is Likely To Result In A Decision On An Improper Basis.**

Evidence of DnG's suggested indemnification language and the parties' decision not to include it is unfairly prejudicial, because the evidence may confuse the jury regarding the elements of Plaintiffs' case or result in a decision for Plaintiffs on an improper basis. If DnG's suggestion of indemnification language referencing "Rick Ross" is admitted, the jury may be confused into believing that the Defendants' states of mind regarding *PRA* are elements that Plaintiffs must prove to succeed on their infringement claims, or are relevant to liability issues. *See Crow*, 720 F.2d at 1226-27. They are not. Similarly, the jury may believe that DnG's due diligence investigating the relationship between *Hustlin'* and *PRA* (which DnG has testified was a "nod, it was funny, commentary" on *Hustlin'*, Boyajian Decl., Ex. 1 at 52) somehow supports Plaintiffs' infringement claims.

The "Copyright Act is a strict liability regime." *Dellacasa, LLC v. John Moriarty & Assoc.*, No. 07-21659-CIV, 2007 WL 4117261, at *3 n.2 (S.D. Fla. Nov. 16, 2007). Therefore, the fact that DnG considered whether there was a connection between *PRA* and "Rick Ross" before obtaining the license for *PRA* is not evidence that tends to "make a fact more or less probable than it would be without the evidence…and [that] is of consequence in determining the action." Fed. R. Evid. 401. Because the jury may confuse the Defendants' knowledge with the elements of Plaintiffs' claim for copying, evidence of DnG's suggested indemnification language

referencing "Rick Ross," and the parties' decision not to use it, should be excluded under Rule 403.

**2. Admitting The Suggested Indemnification Language Will Confuse The Issues And Waste Time.**

Evidence of DnG's and/or Kobalt's purported knowledge of an alleged infringement of *Hustlin'* is only relevant to determining the amount of a statutory damages award, and only if Plaintiffs first succeed in establishing liability against DnG and Kobalt. 17 U.S.C. § 504(c); *Playboy Enters.*, 839 F. Supp. at 1559. However, even if Plaintiffs establish liability against DnG and Kobalt, the suggested indemnification language and decision not to include it should nonetheless be excluded under Rule 403 because such evidence will unnecessarily delay the trial and has the potential to confuse the issues before the jury.

The jury cannot assess the weight of DnG's suggested language, and the parties' decision not to use it, without extensive corollary evidence that does not relate to any other issues to be resolved at trial. For example, DnG's suggested language, and the parties' decision not to use it, can only be assessed with corollary evidence setting forth: (1) whether and to what extent DnG always investigated songs before including them in commercials for their clients; (2) whether and to what extent DnG's suggestion of the language is indicative of anything other than its due diligence on KMA's behalf; (3) whether and to what extent industry practice for synchronization licenses is to specify third-parties in indemnification language; (4) whether and to what extent the final indemnification language was sufficient to cover all claims relating to *PRA*; and (5) whether and to what extent KMA's decision not to include DnG's suggested language was driven by KMA's understanding of a relationship between *PRA* and *Hustlin'* or industry practice.[1] Accordingly, laying the foundation for evidence regarding DnG's suggested indemnification language and the parties' decision not to use it will require extensive trial time. There is no need to make the jury to endure hours of testimony that explains evidence only circumstantially relevant to DnG and Kobalt's states of mind—especially when the Defendants' states of mind are only relevant if Plaintiffs first prove liability. Evidence regarding DnG's

[1] Defendants have moved for bifurcation of the liability and damages phases of trial. Dkt. 267. If the Court denies this *Motion in Limine*, evidence such as DnG's suggested indemnification language and the parties' decision not to include it further demonstrates the appropriateness of bifurcation. The jury's time should not be spent parsing through complicated facts regarding the scope of the indemnification provision and whether and to what extent it is indicative of any Defendants' state of mind unless and until Plaintiffs can establish liability.

suggested indemnification language, and the parties' decision not to use it, should therefore be excluded under Rule 403.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order prohibiting Plaintiffs from offering evidence, testimony, and argument regarding DnG's suggestion that KMA's license for *PRA* include indemnification language specifically referencing "Rick Ross," and the parties' decision not to use DnG's suggested language, in any regard at trial.

## Certification

Pursuant to S.D. Fla. L.R. 7.1(a)(3) counsel for Defendants conferred with Plaintiffs' counsel regarding this motion. Plaintiffs' counsel advised that she opposes the relief sought by this motion.

Dated: September 17, 2015

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants Stefan Kendal Gordy, Skyler Austen Gordy, Kobalt Music Publishing America, Inc., Kia Motors America, Inc., Nu80s Music, LLC, LMFAO, LLC, Party Rock, LLC, Foo & Blu, LLC, David & Goliath, LLC, and David Jamahl Listenbee p/k/a GoonRock*

333 Avenue of the Americas
Miami, FL 33131
Tel: 305-579-0500; Fax: 305-579-0717

By: */s/ BARRY L. ROTHBERG*
BARRY L. ROTHBERG
Florida Bar No. 0160873
rothbergb@gtlaw.com

By: /s/ *VINCENT H. CHIEFFO*
VINCENT H. CHIEFFO
(Admitted *Pro Hac Vice*)
chieffov@gtlaw.com

By: */s/ NINA D. BOYAJIAN*
NINA D. BOYAJIAN
(Admitted *Pro Hac Vice*)
boyajiann@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jonathan L. Gaines, Esq.
Karen L. Stetson, Esq.
Gray Robinson
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: 305-416-6880; Fax: 305-461-6887
Email: jgaines@gray-robinson.com; karen.stetson@gray-robinson.com
Counsel for Plaintiffs

By: *s/Barry L. Rothberg*
Barry L. Rothberg