Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-24700-KMW

WILLIAM L. ROBERTS, II p/k/a RICK ROSS and ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS,

Plaintiffs,

v.

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation. KIA MOTORS AMERICA, INC., a California corporation, DAVID & GOLIATH, LLC, a Delaware limited liability company, DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, THE LISTENBEE LLC,a California limited liability company, NU80s MUSIC, LLC, a California limited liability company, LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California limited liability company, and FOO & BLU, LLC, a California limited liability company,

Defendants.

---

Deposition of CAROL LOMBARD SEELIG, taken on behalf of Plaintiffs, at 111 West Ocean Boulevard, Suite 400, Long Beach, California, beginning at 10:07 a.m. and ending at 12:50 p.m. on Thursday, November 20, 2014, before Marceline F. Noble, Certified Shorthand Reporter No. 3024.

Reported by:
Marceline F. Noble, CSR No. 3024



**Exhibit 1**

to Jennifer Frommer and said there's a connection somehow to referencing Rick Ross to a song that he's done. Is that an issue for us?

And that's when I was asking, you know, is the "every day I'm shufflin'" an interpolation. And I was told, no, it was not an interpolation because it was more of a nod, it was funny, commentary party song. Rick Ross's song was not. And that it was not an issue for us to move forward with licensing this track, that they were fine. And I asked for that to be in writing, and she said their attorneys would not let them put that in writing but that it was not an issue.

**Q. And to the best of your recollection, all -- all of what you just said was contained in that conversation --**

A. Uh-huh.

**Q. -- is that an accurate account?**

A. I think so.

**Q. And did you at any point learn from Biba Millstein what Kobalt's position was with respect to the specific language -- the specific language that was requested in the indemnification clause?**

A. What -- what Biba spoke with --

**Q. Yeah.**

A. -- the person at Kobalt about?

**Q. Right.**

A. I would only get e-mails back and forth from Biba with the language modified. And at one point when we realized, okay, everyone's talking sample Rick Ross, it would not be a sample, it would fall under a publishing concern, that's when I requested that she put language in the indemnification to address that should that become an issue, even though we had been assured that it wasn't, and from our perspective it didn't seem to be an issue but, of course, I was not an attorney, so I preferred that we put indemnification language in to protect the agency and client should anything be challenged for any reason.

**Q. Okay. So when you realized it was a publishing concern, then -- and Biba was the main Kobalt contact --**

A. Uh-huh.

**Q. -- did Biba ever get back to you as far as what Kobalt's position was?**

A. No. The language was changed and signed off on as far as I knew.

**Q. Are you saying that you believe that Kobalt signed off on specific language excepting out anything with regard to Rick Ross?**

A. Not with regard to Rick Ross, but language should there be any publishing concerns. We were

wording it -- it wasn't specific to Rick Ross, that was internal communications that that was the only -- there could have been other issues that we had no idea about.

My concern was knowing that if it's -- if it's a sample, it's on the label, if it's something to do with the publishing, then we just need to make sure that the indemnification language is covering us.

We did not expect an issue because we were told that there would -- it was not an issue.

So Kobalt did not seem to object to putting language in the indemnification to make sure that we were -- we would be held harmless.

**Q. Okay. But Kobalt basically -- that was just a standard indemnification clause, right? I mean isn't -- isn't the -- the indemnification clause that's -- that was ultimately in both the Universal and the Kobalt licenses just standard, broad indemnification language?**

A. Right. But it was revised a couple of times to make sure that we were covered. So I don't remember the specifics of what we added in.

But I did point out to Biba that, you know, as long as we are clear that should something come back from Rick Ross that we're covered in this language, did -- was she able to put language in there that would cover us.



Exhibit 1

**Q. So you're -- you were trying to come up with language that would be broad to make sure that you were specifically covered in the event that the Rick Ross situation became a problem but without specifically mentioning Rick Ross; is that correct?**

A. I think that's correct, we did not mention Rick Ross in the Kobalt contract.

It was just our due diligence.

**Q. Well, wouldn't -- wouldn't you agree with me that you would have been -- the company would have been provided the most protection had you actually specifically included language with regard to Rick Ross?**

MR. CHIEFFO: That calls for a legal --

BY MS. STETSON:

**Q. Or "Hustlin'"?**

MR. CHIEFFO: That calls for a legal conclusion.

You can answer it the best you can.

THE WITNESS: That's not my expertise.

I bring up the issues that I think possibly could be happening and ask for counsel to look at.

I can't make those decisions.

BY MS. STETSON:

**Q. Okay. Well, you testified that the company did try to get specific language, right?**

REPORTER'S CERTIFICATION

I, Marceline F. Noble, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

That the foregoing witness was by me duly sworn; that the deposition was then taken before me at the time and place herein set forth; that the testimony and proceedings were reported stenographically by me and later transcribed into typewriting under my direction; that the foregoing is a true record of the testimony and proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name this 26th day of November, 2014.

________________________________

Marceline F. Noble, CSR No. 3024



Exhibit 1