UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM L. ROBERTS, II, *et al.*,

    Plaintiffs,

v.

STEFAN KENDAL GORDY, *et al.*,

    Defendants.

Case No. 13-24700-CIV-KMW

### RESPONSE OF THE REGISTER OF COPYRIGHTS
### TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)

On October 30, 2015, pursuant to 17 U.S.C. § 411(b)(2), the Court requested advice from the Register of Copyrights ("Register") by December 31, 2015, on the following six questions (the "Request"):

1. Would the Register of Copyrights have refused to register PA 1-367-972 if the Register had known of prior registration PA 1-334-589?

2. Would the Register of Copyrights have refused to register PA 1-367-972 if the Register had known of prior registration PAu 3-024-979?

3. Would the Register of Copyrights have refused to register PA 1-334-589 if the Register had known of prior registration PAu 3-024-979?

4. Would the Register of Copyrights have refused to register PA 1-367-972 if the Register had known that the creation date given on the application was incorrect and the actual date of creation was in 2005?

5. Would the Register of Copyrights have refused to register PA 1-334-589 if the Register had known that the creation date given on the application was incorrect and the actual date of creation was in 2005?

6. With respect to the copyright registration PAu 3-024-979 with an effective date of registration of February 28, 2006 for the musical composition *Hustlin'*, would the Register of Copyrights have refused to register that copyright as an unpublished work if the Register had known that one of the copyright claimants had distributed phonorecords of the *Hustlin'* composition to numerous radio and/or

> nightclub disc jockeys for the purpose of playing and/or promoting the composition prior to February 28, 2006 (*i.e.*, around the new year)?[1]

The Register requested, and the court granted, an extension to respond to the Request until February 1, 2016. The Register hereby submits her responses.

## BACKGROUND

A review of Copyright Office records shows the following:

On February 28, 2006, the U.S. Copyright Office ("Copyright Office" or "Office") received an application to register a musical work titled *Hustlin'*. The application identified Andrew Harr, Jermaine Jackson, William Roberts, and Bernard Rogers as co-authors, and Trac-N-Field Entertainment LLC, William Roberts, First 'N Gold Music, Inc., and Bernard Rogers as copyright claimants of the words/lyrics and music. The application stated that the work was created in 2005, that it was unpublished, and that Trac-N-Field Entertainment LLC, and First 'N Gold Music, Inc., had obtained copyright in the work "by written contract." The Office registered the work with an effective date of registration ("EDR")[2] of February 28, 2006, and assigned registration number PAu3-024-979. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.[3]

Next, on June 28, 2006, the Copyright Office received another application to register a musical work titled *Hustlin'*. This application identified William Roberts pka Rick Ross, Andrew Harr, and Jermaine Jackson as co-authors, and First and Gold Publishing, 3 Blunts Lit At Once, and Trac-N-Field Entertainment LLC as the copyright claimants of the words and music. The application stated that the work was created in 2006 and first published in the United States on March 28, 2006. The application represented that the copyright claimants had obtained the copyright in this work "by written agreement" and did not identify any prior registration for the work. The Office registered the work with an EDR of June 28, 2006, and assigned registration number PA 1-334-589. Again, based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate

Then, on February 28, 2007, the Copyright Office received a third application to register a musical work titled *Hustlin'*. This application identified William Roberts, Jerma[ine] Jackson, and Andrew Harr as the co-authors, and Sony/ATV Songs LLC/4 Blunts Lit At Once, and J. Jackson & A. Harr/Trac-N-Field Entertainment/First-N-Gold as copyright claimants of the words and music. The application stated that the work was created in 2006 and first published in the United States on August 8, 2006. The application represented that Sony/ATV Songs LLC/4 Blunts Lit At Once and J. Jackson & A. Harr/Trac-N-Field Entertainment/First-N-Gold obtained the copyright in this work

---

[1] Request at 4-5.
[2] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee.
[3] The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition*. One such principle is that the Office generally "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records." COMPENDIUM (THIRD) § 602.4(D). Another is that the Office generally does not conduct searches to determine whether previous registration or publication has occurred. COMPENDIUM (THIRD) § 602.4(C).

"by assignment" and did not identify any prior registration for the work. The Office registered the work with an EDR of February 28, 2007, and assigned registration number PA 1-367-972. Again, the Office had no reason to question the representations in the application and accepted them as true and accurate.[4]

In its Request, the Court advised the Register that Plaintiffs have presented the Court with these three registrations for a single work, and that the parties do not dispute that the work, *Hustlin'*, was created in 2005.[5] In addition, Question 6 of the Request asks the Register to assume that one of the copyright claimants had distributed *Hustlin'* to numerous radio and/or nightclub disc jockeys for the purpose of playing and/or promoting the composition prior to February 28, 2006.[6] The Court has requested the Register to consider whether, given this information, the Office would have refused to register any of the claims.

## ANALYSIS

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 409, and 410. Regulations governing applications for registration are codified in title 37 of the Code of Federal Regulations at 37 C.F.R. §§ 202.1 to 202.24 (2015). The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition* ("*Compendium*"). The relevant statutory requirements, regulations, and *Compendium* practices most relevant to the Court's request are as follows:

In pertinent part, the statutory requirements for copyright registration dictate that applications shall include "the year in which creation of the work was completed."[7] The regulations governing applications for registration state that the Register will issue only one registration for the same version of a particular work.[8] However, there are four exceptions to this rule:

(i) registration as the first published edition of the work;[9]

(ii) registration by the author in his or her own name as copyright claimant;[10]

(iii) registration arising from an allegation of an unauthorized or invalid previous registration;[11] and

(iv) supplementary registration in order to correct or amplify information provided in the previous registration.[12]

---

[5] Request at 3, 5.
[6] *Id.*
[7] 17 U.S.C. § 409(7).
[8] *See* 37 C.F.R. § 202.3(b)(11).
[9] *See* COMPENDIUM (THIRD) § 510.1.
[10] *See id.* at § 510.2.
[11] *See id.* at § 510.3.
[12] *See id.* at § 1802.

3

If the work submitted for registration is based on or incorporates preexisting material, including previously registered material, the applicant must provide "a brief, general statement of the additional material covered by the copyright claim being registered."[13]

Under the Copyright Act, works may be published via the "distribution of copies or phonorecords of the work to the public by sale or other transfer of ownership, or by rental, lease or lending."[14] The Act, additionally, provides that "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."[15] In carrying out its registration functions, the Copyright Office understands the *actual* distribution of (in addition to the mere "offering to distribute") copies or phonorecords to a group of persons for the enumerated purposes also to constitute a publication.[16]

The Copyright Office's regulations require applicants to make "[a] declaration that information provided within the application is correct to the best of … [the applicant's] knowledge."[17] Generally, the Office "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."[18] The Office "generally does not compare deposit copy(ies) to determine whether the work for which registration is sought is substantially similar to another work."[19] Likewise, "the Office generally does not conduct searches to determine whether the work has been previously registered."[20] Regarding the publication status of a work at the time of application, the Office will not conduct an independent investigation to determine if a work has been published and will generally accept the facts as stated on the application "unless they are implausible or conflict with information provided elsewhere in the registration materials, the Office's records, or other sources of information that are known by the Office" at the time of application.[21]

In responding to the Court's questions, the Office applies the foregoing governing statutory and regulatory standards, and examining principles. The Office additionally notes that it is not unusual for the examiner to correspond with an applicant about factual assertions if the assertions are in conflict with other information provided in the application materials.[22] If the Office becomes aware of an error at the time of application, such as an incorrect year of creation,[23] or that information regarding previous registration or publication is missing from the application,[24] or has questions about facts asserted in an application, such as whether the work is published,[25] it provides

---

[13] 17 U.S.C. § 409(9).
[14] 17 U.S.C. § 101 (definition of "publication").
[15] *Id.*
[16] *See* PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 3.3.2 (supp. 2011) (noting that the "better" reading of the statute "would make publication occur at the earliest point—the date of an offer to distribute or the date of actual distribution—at which the copyright owner placed its work in the channels of commerce").
[17] 37 C.F.R. § 202.3(c)(2)(iii).
[18] COMPENDIUM (THIRD) § 602.4(D).
[19] COMPENDIUM (THIRD) § 604.2(C).
[20] COMPENDIUM (THIRD) § 604.2(C).
[21] COMPENDIUM (THIRD) § 1904.2.
[22] COMPENDIUM (THIRD) § 602.4(D).
[23] *See* COMPENDIUM (THIRD) § 611.4.
[24] *See generally* COMPENDIUM (THIRD) § 621.
[25] *See* COMPENDIUM (THIRD) § 1904.3.

4

the applicant an opportunity to correct the error or verify the facts.[26] If the applicant responds in a timely fashion to the satisfaction of the Office, the Office proceeds with the registration. The below responses reflect the fact that the errors identified in the Court's questions were not timely corrected through such a process.

### QUESTION 1

Had the Office been aware of the work registered under PA 1-334-589 at the time application was made to register the same work under PA 1-367-972, the Office would have refused to register PA 1-367-972.

### QUESTIONS 2 & 3

Because a registration for an unpublished version of the work does not prevent the Office from issuing another registration for the first published version of the same work, the Office would not have refused to register PA 1-367-972 had it known that the work was previously registered under registration number PAu3-024-979.[27] For the same reason it would not have refused to register PA 1-334-589 had it known that the work was previously registered under PAu3-024-979.[28]

### QUESTIONS 4 & 5

Had the Office been aware at the time the applications were submitted for PA 1-367-972 or PA 1-334-589 that the dates of creation were incorrect, it would have refused registration.

### QUESTION 6

According to the Request, one of the copyright claimants distributed phonorecords of the musical work to numerous radio and/or nightclub disc jockeys for the purpose of playing and/or promoting the composition prior to February 28, 2006. If the Office had known of this fact at the time of application, it would have considered the work to have been published, and would have refused to issue a registration for an unpublished work under the number PAu3-024-979.[29]

Dated: January 21, 2016

_Maria A. Pallante_
Maria A. Pallante
Register of Copyrights

---

[26] Generally, an applicant has 20 days to respond via email, and 45 days to respond via U.S. mail to questions about statements made in the application materials. *See* COMPENDIUM (THIRD) §§ 605.6(B), 605.6(D).
[27] 37 C.F.R. § 202.3(b)(11)(i).
[28] *Id.*
[29] The prefix "PAu" designates an unpublished work.