UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24700-WILLIAMS-SIMONTON

WILLIAM L. ROBERTS, II p/k/a RICK ROSS and
ANDREW HARR and JERMAINE JACKSON
collectively p/k/a THE RUNNERS,

        Plaintiffs,

v.

STEFAN KENDAL GORDY and SKYLER AUSTEN
GORDY collectively p/k/a LMFAO, KOBALT
MUSIC PUBLISHING AMERICA, INC., a Delaware
corporation, KIA MOTORS AMERICA, INC., a
California corporation, DAVID & GOLIATH, LLC, a
Delaware limited liability company, DAVID JAMAHL
LISTENBEE p/k/a GOON ROCK, NU80s MUSIC,
LLC, a California limited liability company, LMFAO,
LLC, a California limited liability company, PARTY
ROCK, LLC, a California limited liability company,
and FOO & BLU, LLC, a California limited liability
company,

        Defendants.

_____/

## PLAINTIFFS' STATUS REPORT AS TO CORRECTIVE EFFORTS

Plaintiffs, WILLIAM L. ROBERTS, II p/k/a RICK ROSS ("ROSS") and ANDREW

HARR and JERMAINE JACKSON, collectively p/k/a THE RUNNERS ("THE RUNNERS"),

by and through undersigned counsel, hereby apprise the Court of the current status of their

corrective efforts:

1.      Both parties have previously set forth their respective positions as to why

correctability of the registrations is not relevant, although for different reasons.  Defendants say

correctability is not relevant because it is too late and the corrections will not "relate back."[1] Plaintiffs say correctability is not relevant because of waiver, no evidence of fraud, and that the registrations, without corrections, satisfy the registration claims-processing rule of §411(a). Nevertheless, Plaintiffs sought advice about the correctability of the registrations and proposed corrective supplementary registrations because, to the extent the Court deems materiality relevant, Courts have looked to correctability for that purpose.

2.      The Copyright Office has responded to counsel's request for guidance as to the correctability of the registrations by declining to offer any guidance "one way or the other as to whether the requested supplementary registrations may properly be issued under applicable regulations or Office practice as delineated in the Compendium." (Copyright Office Letter of March 11, 2016, Exh. B hereto). The Copyright Office has indicated that Plaintiffs' applications for supplementary registration will be held in abeyance until "the dispute" has been resolved and/or the litigation has ended.[2] Attached hereto are copies of both Plaintiffs' second letter (dated March 2, 2016) (together with attachments) (Exh. A hereto) and the Copyright Office's Letter (Exh. B hereto).

3.      Per the Court's directive at the Status Conference, the applications for supplementary registrations attempt to correct all errors, whether the subject of the Court's questions to the Register or not. The Copyright Office's Letter only references two proposed corrections: the date of creation and whether the third registration can be maintained under an exception to the general one registration rule as an "adverse claim." According to the Copyright Office, an adverse claim is a situation where:

---

[1] Actually, Defendants' first position was that there was no point attempting correction because the registrations simply could not be corrected. That position pivoted to the current position that it does not matter if the registrations can be corrected.

[2] The Letter is a bit ambiguous in this regard, but presumably if the registrations are no longer "in dispute" prior to the end of the litigation, the Copyright Office would process the applications.

> The U.S. Copyright Office receives two or more applications (either consecutively or simultaneously) to register the exact same work, where each application was certified and submitted by a different applicant, and each application contains conflicting statements regarding the authorship and/or ownership of the work;
>
> or
>
> One party submits an application and asserts that another party's claim to copyright is unauthorized or invalid.

Compendium-III, §1807.[3]  Plaintiffs' characterization of registration #3 as potentially falling within the "adverse claim" exception to the one registration rule is based on the first of the two above-listed scenarios (not the second scenario as Defendants previously argued)[4] and is bolstered by correspondence Sony received from the Copyright Office when the issue of Sony's registration was first raised at the Pre-Trial Conference. *See* Exh. C.

4.      While, unlike Judge Huck in *Olem Shoe* and as discussed in *Schenck,* the Court did not stay this case specifically to allow for corrections advice from the Copyright Office to be sought, the Court explicitly placed no restrictions on Plaintiffs' corrective efforts while the parties prepared supplemental briefs.  The Court did, though, indicate its desire that the corrective process result in only one registration.  The problem with that directive is that Plaintiffs do not have an automatic right to withdraw any registration, the most they can do is request cancellation and then it is a matter of discretion for the Copyright Office.[5]  Neither a

---

[3] Section 1807 continues that if the Copyright Office becomes aware that two or more parties are seeking to register the exact same work, it does not determine which registration should be given priority over the other, it will inform each applicant of the other party's claim and will ask each party if he or she wishes to proceed with the application. If so, the Office will issue a separate registration.  Neither registration cancels the other and the registrations are not cross-referenced. "Instead, each registration will coexist with each other in the public record."

[4] Based on the Compendium section the Copyright Office cites in its Letter involving "adverse claims," the Copyright Office may believe that the "adverse claimants" in the proposed "adverse" registration are engaged in litigation against each other.  None of the claimants in this case are involved in litigation against each other.

[5] Section 1806.4(E)  "As a general rule, the decision to cancel a registration will be made solely by the U.S. Copyright Office acting on its own initiative.  However, the Office may consider a request to cancel a registration . . .".  In fact, there are very few instances set forth in the Compendium where the Copyright Office will cancel without an opportunity to cure:  *Cf.* (no opportunity to cure for registrations issued in wrong class or series, failure to pay

supplementary registration, as Plaintiffs have sought to accomplish, or a further basic

registration, which Defendants incorrectly claim is Plaintiffs' only option, cancels any other

registration:

> When the U.S. Copyright Office issues a supplementary registration it does not
> cancel or replace the basic registration or the registration number for that
> registration.  Likewise, the office will not change the information set forth in the
> basic registration or the public record for that registration.  Instead, the Office
> assigns a separate registration number and effective date of registration to the
> supplementary registration.   The basic registration and the supplementary
> registration coexist with each other in the public record, and the supplementary
> registration augments — but does not supersede — the information set forth in the
> basic registration.

Compendium-III, Section 1802.

> If the application for the new basic registration is approved, the Office will issue a
> certificate of registration and will create a public record for that registration.
> However, the Office will not cancel the previous registration or the registration
> number that has been assigned to that registration, it will not change the
> information set forth in the previous registration or the public record for that
> registration and it will not cross-reference those records with the records for the
> new basic registration   Instead, the previous registration and the new basic
> registration will coexist with each other in the public record.

Compendium-III,  Section 1803.  Therefore, with that in mind, Plaintiffs proceeded to determine

whether (in the event Plaintiffs could not withdraw any registrations), they could all be corrected

so that they were all consistent.  To Plaintiffs, this was the logical first step, with the logical

second step to request the Copyright Office to withdraw any registration that was either

incapable of correction or duplicative.  Plaintiffs are confident that at a minimum registration #2

(PA 1-334-589) can be fully corrected:[6]  the Copyright Office has already indicated it does not

---

filing fee, or lack of copyrightable authorship (§1806.4 (A)(B)(C) **with** no cancellation without opportunity to cure
for "substantive defects in registration" §1806.4(D).

[6] The issue regarding the first registration (Pau3-024-979) is the issue set forth in Plaintiffs' letter to the Copyright
Office dated February 17, 2016, namely, whether differing deposit requirements prevent correction.  Similar
corrections were nevertheless accomplished in *Olem Shoe*.  The issue regarding the third registration is whether it
qualifies as an exception to the one registration rule (either as an adverse claim or an exception applicable to
authors); however neither of these issues needs to be addressed if registration #2 can be corrected and registrations

run afoul of the one registration rule and supplementary registration can be used to correct all

errors.  According to the Compendium:

> 102.5  A registration may be "corrected" if "information in the basic registration
> was incorrect at the time that basic registration was made, and the error is not one
> that the Copyright Office itself should have recognized."

Under the heading Supplementary Registration Appropriate, the Compendium provides:

> 1802.6(D) (author)  A supplementary registration can be used to correct an error
> or omission in a basic registration involving the author(s) of the work.

> 1802.6(F)  (claimant)  A supplementary registration may be used to correct an
> error in the basic registration involving the copyright claimant.  It may also be
> used to add the name a co-claimant who should have been listed in the application
> for a basic registration (regardless of whether the co-claimant is — or is not — a
> co-author of the work).  If the wrong claimant was named in the basic registration,
> the correct name may be added to the registration record with a supplementary
> registration, provided that the application is filed by one of the parties listed in
> Section 1802.1.  In addition, a statement may be added to the registration record
> to clarify that the name provided in the basic registration is incorrect.

> 1802.6(G)  (date of creation)  An error involving the year of completion may be
> corrected with a supplementary registration.

> 1892.6(I)  (date of publication)  If the applicant provided the wrong date of
> publication in the application for basic registration, the correct date may be added
> to the registration record with a supplementary registration.

    5.      It is not clear why the Copyright Office is reluctant to weigh in on these issues,

perhaps it believes they involve facts which must be adjudicated or perhaps it perceives that the

Court wants to delve into the intricacies of the Office's rules, regulations and Office practices

itself to determine the issue of correctability, but it certainly seems ironic in light of the fact that

§411(b)(2) was added so that courts do not incorrectly assume what the Copyright Office will or

will not do.  Plaintiffs are therefore in a Catch 22 situation where they are precluded from even

having their applications processed because of the litigation where the processing of those

---

## 1 and 3 can be withdrawn.  The Court will note that Plaintiffs also asked the Copyright Office about the ability to
withdraw registrations.

applications is the best evidence of what is permissible without engaging in arguments about the meaning of the various provisions of the Compendium.

7.    Plaintiffs agree that the Copyright Office is not an adjudicative body and to the extent any issues involve disputed facts, it would not be appropriate to ask the Copyright Office to weigh in.  However, it is one thing to ask the Copyright Office to opine on whether a work meets the legal definition of "work for hire," and another to ask it:  "can a Form CA be used to correct a registration which erroneously states that the registered work was a work for hire?"

8.    To the extent the Court considers the issues of whether the registrations are correctable and/or can be withdrawn relevant, the Court can itself seek an advisory opinion from the Copyright Office about the types of inaccuracies that can be corrected and/or withdrawn. Alternatively, the Court can consider the arguments the parties have made concerning what is and what is not correctable and decide for itself based on the applicable regulations and the Compendium.  Plaintiffs have previously cited examples of both alternatives.  *See Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149 (2d Cir. 2003) (advisory opinion from Copyright Office obtained);  *Shady Records, Inc. v. Source Enterprises, Inc.*, No. 03-9944, 2005 WL 14920, * 11 (S.D.N.Y., Jan. 3. 2005) (regulations allowing supplementary registration to identify co-author or co-claimant evidenced lack of materiality); *Olem Shoe Corp. v. Washington Shoe Corp.*, 591 Fed. Appx. 873, 882, n.10 (11th Cir. 2015) (failure to include pre-existing work in derivative work application not material based on Compendium).

Respectfully submitted,

GRAY ROBINSON, P.A.
Attorneys for Plaintiffs
333 S.E. Second Avenue, Suite 3200
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880

Fax: (305) 416-6887

By:    /s/ Karen L. Stetson
          Karen L. Stetson
          Florida Bar No: 742937
          Jonathan L. Gaines
          Florida Bar. No. 330361

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to:  **BARRY LAWRENCE ROTHBERG, ESQ.,** Greenberg Traurig, LLC, 333 SE 2nd Avenue, Suite 4400, Miami, FL 33131 and **VINCENT H. CHIEFFO, ESQ.,** Greenberg Traurig LLC, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067 this 14th day of March, 2016.

By:    /s/ Karen L. Stetson