UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24700-WILLIAMS-SIMONTON

WILLIAM L. ROBERTS, II p/k/a RICK ROSS and ANDREW HARR and JERMAINE JACKSON collectively p/k/a THE RUNNERS,

       Plaintiffs,

v.

STEFAN KENDAL GORDY and SKYLER AUSTEN GORDY collectively p/k/a LMFAO, KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware corporation, KIA MOTORS AMERICA, INC., a California corporation, DAVID & GOLIATH, LLC, a Delaware limited liability company, DAVID JAMAHL LISTENBEE p/k/a GOON ROCK, NU80s MUSIC, LLC, a California limited liability company, LMFAO, LLC, a California limited liability company, PARTY ROCK, LLC, a California limited liability company, and FOO & BLU, LLC, a California limited liability company,

       Defendants.
_____/

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS AS TO ATTORNEY'S FEES AND COSTS PENDING DISPOSITION OF APPEAL

Plaintiffs, WILLIAM L. ROBERTS, II p/k/a RICK ROSS, ANDREW HARR and JERMAINE JACKSON, p/k/a THE RUNNERS (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully request this Court's entry of an Order staying adjudication of Defendants' Motion For Attorney's Fees And Costs and Motion for Bill of Costs until such time as the cross-appeals in this matter are decided. In support of their motion, Plaintiffs state as follows:

# 2117615 v1

1.	Defendants intend to file a motion for attorney's fees and costs as "prevailing parties" under the Copyright Act in the approximate amount of $3 million. Defendants have served a draft motion with supporting memorandum of law, declarations, and approximately 400+ pages of supporting documentation. Plaintiffs are awaiting receipt of additional supporting documentation from Defendants.

2.	In *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the United States Supreme Court approved the use of certain non-exclusive factors to be considered when assessing entitlement to attorney's fees under the Copyright Act: " 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Fogerty,* 510 U.S. at 534 n. 19, 114 S.Ct. at 1033 n. 19  The Supreme Court ultimately held, however, that attorney's fees should be awarded only where they "are faithful to the purposes of the Copyright Act" and should be "applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.*  Since *Fogerty*, courts have taken various inconsistent approaches when analyzing fee applications in copyright cases, with some placing more weight on certain factors than others, some creating presumptions, some focusing more on the objectives of the Copyright Act than on the *Fogerty* factors (or some combination thereof), resulting in a 5-way split in the Circuits. Because of this split among the Circuit Courts, the United States Supreme Court has accepted review of a decision by the Second Circuit specifically on the issue of the proper standard to be applied when determining attorney's fees under the Copyright Act. *Kirstaeng v. John Wiley & Sons, Inc.*, No 15-375, 136 S.Ct. 890 (Mem) (2016) (see attached, Exh. A). It is anticipated that this case will clarify an otherwise

inconsistent and unsettled area of the law and one which bears directly on the issues presented by Defendants' motion.

3.      The analysis on entitlement to attorney's fees and costs will greatly vary depending on the Supreme Court's decision and, additionally, depending on the disposition of the parties' cross-appeals, even if the Eleventh Circuit ultimately affirms this Court.  For example, if the Eleventh Circuit affirms this Court's interpretation of the IP PRO statute and specifically the definition of "knowing" as used therein, Plaintiffs maintain that would be a departure from existing law in this Circuit, militating against a fee award under the "objectively unreasonable" factor.  Similarly, the Eleventh Circuit has not previously been called on to decide the parameters of beneficial ownership under the Copyright Act and its decision in that regard could also be pertinent to the *Fogerty* factors.  Defendant's cross-appeal of its fair use defense, which includes the novel issue of when a "sample" can be "transformative" is yet another example of an issue pending on appeal that may need to be analyzed differently depending on how the Supreme Court decides *Kirstaeng*.  These are just a few examples of the appellate issues which could impact the Court's analysis of entitlement to attorney's fees herein.

4.      Moreover, although Plaintiffs do not rest their request on this basis, Defendants' motion is extremely voluminous and will require a significant amount of time on the parties' part and the Court's part on the issue of amount.  In the interests of efficiency and judicial economy, it only makes sense to decide entitlement prior to dealing with the hundreds of pages of documents which relate to the amount of attorney's fees and it is submitted that the issue of entitlement should not be decided prior to disposition of the parties' cross-appeals and the United States Supreme Court's decision in *Kirstaeng*.[1]

---

[1] Oral argument in *Kirstaeng* was conducted in April; the parties have not yet filed briefs in the Eleventh Circuit, but according to the Court statistics the average length of time to decision in that Court is 7 months.

5.      The granting of such a stay is within the Court's discretion, although Plaintiffs recognize that stays of attorney's fees and costs proceedings are not granted as a matter of course merely because an appeal is pending. *See Hartford Accident and Indemnity Co. v. Crum & Forster Specialty Ins. Co.*, No. 10–24590–CIV, 2012 WL 3291986, * 3 (S.D. Fla. Aug. 13, 2012) (finding unpersuasive stay orders that indicated no analysis other than that an appeal had been filed). However, in light of the various considerations beyond "prevailing party" that are to be analyzed under the Copyright Act, it is submitted that the precise disposition of the appeal is much more important than a simple "win" or "lose" and numerous courts, including this Court, have stayed resolution of attorney fee awards pending appeal in copyright cases. *Kernel Records Oy v. Mosley, et. al*, No. 09-cv-21597, DE 248 (S.D. Fla. July 1, 2011) (appeal may ultimately materially affect the status of the parties in terms of fees and costs under the Copyright Act); *Lil' Joe Wein Music v. Jackson*, No. 06-cv-20079, DE 99 (S.D. Fla. Feb 23, 2007) (staying resolution of fees and costs under Copyright Act pending appeal based, *inter alia*, on argument that merits of appeal were intertwined with issues to decide fee application). *See also, Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04–22780, 2010 WL 1302914 (S.D. Fla. March 31, 2010) (deciding fee motion after appeal, drawing on aspects of Eleventh Circuit decision to determine propriety of awarding fees under the Copyright Act); *Thompkins v. Lil Joe Records, Inc.*, No. 02-61161, 2008 WL 896898 (S.D. Fla March 31, 2008) (same). As Judge King noted, the pendency of an appeal on a similar legal issue or a case of first impression may provide an appropriate basis for the entry of a stay. *Hartford Accident and Indemnity Co., supra,* 2012 WL 3291986, * 3. Here, the Supreme Court appeal is on the very issue of how to decide attorney's fees and costs under the Copyright Act and the manner in which the Eleventh Circuit disposes of the parties' cross-appeals can significantly impact the Court's analysis.

WHEREFORE, Plaintiffs request the Court to enter an Order staying further proceedings as to attorney's fees and costs pending the disposition of the parties' cross-appeals by the Eleventh Circuit.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Undersigned counsel has conferred with counsel for Defendants as to whether there was any objection to the relief sought herein and is advised that there is an objection.

Respectfully submitted,

GRAY ROBINSON, P.A.
Attorneys for Plaintiffs
333 S.E. Second Avenue, Suite 3200
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By:     /s/ Karen L. Stetson
         Karen L. Stetson
         Florida Bar No: 742937
         Jonathan L. Gaines
         Florida Bar. No. 330361

# 2117615 v1

CASE NO. 13-CV-24700-KMW

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to: **BARRY LAWRENCE ROTHBERG, ESQ.,** Greenberg Traurig, LLC, 333 SE 2nd Avenue, Suite 4400, Miami, FL 33131 and **VINCENT H. CHIEFFO, ESQ.,** Greenberg Traurig LLC, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067 this 6th day of June 2016.

By: /s/ Karen L. Stetson
Karen L. Stetson

# 2117615 v1