**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-24700-CIV-WILLIAMS**

WILLIAM L. ROBERTS, II, *et al.*,

     Plaintiffs,

vs.

STEFAN KENDAL GORDY, *et al.*,

     Defendants.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court following the February 8, 2019 status conference, when the Court addressed, among other issues, Defendants' motion pursuant to Fed. R. Civ. P. 42(b) for a separate trial on the issue of standing.  *See* (DE 468). Rule 42(b) provides:

> *Separate Trials.* For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

After carefully considering the record and applicable law, and based on the Parties' argument at the February 8 status conference, the Court finds that holding a separate trial on standing is appropriate and advantageous for the Court and Parties.  First, the issue of the Runners' standing is entirely distinct from the substantive copyright infringement and damages claims and involves completely different evidence. *See, e.g., Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931) (explaining that issues in a single suit may be tried by different juries if they are "so distinct and separable

that a trial of each alone may be had without injustice"). Second, determining the Runners' standing would expedite and economize the potential complete resolution of this matter without the need to hold a lengthy and complex trial on the issues of liability and damages, which will be unnecessary if Plaintiffs are found to lack standing. Third, a separate trial will clarify—rather than confuse—issues for the jury, as the jury would not have to consider the issue of standing in conjunction with that of infringement and damages. Fourth, a separate trial on standing could enhance the possibility of a settlement because it would reduce the uncertainty surrounding the determination of that key issue. Finally, the Court notes that at the February 8 status conference, Plaintiffs' only objection to a separate trial was potential prejudice caused by having the same jury resolve both the standing and, if necessary, liability and damages issues. The Court and Parties agreed, however, that this potential prejudice would be cured by having separate juries for the two separate trials.

Accordingly, the Court **ORDERS AND ADJUDGES** that:

1.     Defendants' motion pursuant to Fed. R. Civ. P. 42(b) for a separate trial on the issue of standing (DE 468) is **GRANTED** as follows.

2.     At the specially set trial scheduled for April 15, 2019, the sole issue to be tried shall be the Runners' standing to sue as legal copyright owners under 17 U.S.C. § 501(b), as set out in the Court's prior Orders.

3.     In connection with this trial, the Parties shall adhere to the following pretrial schedule:

| | |
|---|---|
| February 15, 2019 | The Parties shall file their deposition designations in accordance with the Court's instructions at the February 8 status conference and previously entered orders. |

| | |
|---|---|
| February 20, 2019 | The Parties shall file a joint notice identifying the *Daubert* motions, motions in limine, and deposition designations that must be resolved before the April 15 trial on standing. |
| March 1, 2019 | The Parties shall file a joint pre-trial stipulation, exhibit lists, and witness lists in accordance with the instructions below. The Parties shall also file proposed jury instructions in accordance with the instructions below. |
| March 22, 2019 | The Parties shall appear for a status conference to address the proposed jury instructions and any other outstanding issues. |
| April 9, 2019 | Calendar Call at 10:00AM |

4.     A trial on all remaining issues is set on **June 10, 2019**, before the Honorable Kathleen M. Williams at 400 North Miami Avenue, Courtroom 11-3, Miami, Florida. Calendar call will be held at **11:00 a.m.** on **June 4, 2019.** If after the April 15th trial the Runners' are found to lack standing, this trial date will be cancelled.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of February, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## INSTRUCTIONS

I.      Pre-Trial Stipulation, Exhibit Lists, and Witness Lists.  The Parties' joint pre-trial stipulation, exhibit lists, and witness lists must be submitted in accordance with Local Rule 16.1(d) and (e).  The Parties must submit their witness lists in the format provided in Attachment A, and their exhibit lists in the format provided in Attachment B.  The witness lists shall include only those witnesses the Parties actually intend to call at trial.  In the description for each witness, the Party shall include a brief synopsis of the witness's testimony, the exhibits that the Party intends to introduce through the witness, and, in consultation with opposing counsel, the estimated time needed for direct and cross examination.  The exhibit lists shall identify each witness that will introduce each exhibit.\

II.     Jury Instructions.   Joint proposed jury instructions shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised.  The Parties shall submit proposed jury instructions jointly, though they need not agree on each and every instruction.  If the Parties do not agree on a proposed instruction, the language proposed by plaintiff shall be underlined and the language proposed by defendant shall be italicized.  Every instruction must be supported by a citation of authority.  The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel.  If a deviation from the Pattern is requested, the parties shall specifically provide a citation of authority supporting the deviation.  The Parties shall submit their proposed instructions via email in Word format to chambers at Williams@flsd.uscourts.gov.

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).

_____/

**[PARTY'S] WITNESS LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | LIVE or BY DEPOSITION | DIRECT (est.) | CROSS (est.) | ADDRESS | DESCRIPTION OF WITNESS | EXHIBIT(S) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

       Plaintiff(s),

vs.

PARTY NAME,

       Defendant(s).
_____/

**[PARTY'S] EXHIBIT LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS | WITNESS |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |